BRUIL and others, by guardian *ad litem*, Respondents, vs. THE NORTHWESTERN MUTUAL RELIEF ASSOCIATION, Appellant.

*September 25 — October 9, 1888.*

*Life insurance: Action on policy: Place of trial: "Cause of action."*

> Under subd. 5, sec. 2619, R. S., providing in effect that the proper place of trial of an action against a life insurance company existing under the law of this state is "the county in which it is situated, . . . or in which the *cause of action or some part thereof* arose," it is *held* that an action on a policy issued by such a company is triable in the county in which the insured resided and in which his death occurred.

APPEAL from the Circuit Court for *Iowa* County.

·Action upon a policy issued·by the defendant insuring the life of Dr. Charles Bruil, in favor of his wife and children.    The wife predeceased the insured.    The children are the plaintiffs herein.    The defendant appeals from an order denying its application for a change of the place of trial from Iowa county to Dane county.    Other facts are stated in the opinion.

For the appellant there were briefs by *Frank E. Parkinson*, attorney, and *Lamb & Jones*, of counsel, and oral argument by *B. W. Jones*.    They contended, *inter alia*, that if it should be claimed that the cause of action or any part thereof arose where and when the contract was made, Dane county is the place of such origin.    The place of contract is the place of acceptance of the proposal and place of performance.    Bliss on Life Ins. sec. 362; May on Ins. sec. 66, and cases cited; *Ruse v. Mut. Ben. L. Ins. Co.* 23 N. Y. 516; *Hunt v. Bratt*, 23 Iowa, 171; *Huntley v. Merrill*, 32 Barb. 626; *Shattuck v. Mut. Life Ins. Co.* 7 Ins. Law J. 937, and cases cited; Gould on Pleading, sec. 159; 2 Parsons on Cont. 582.    But neither the cause of action nor any part thereof then arose.    No cause of action or part of cause of

action could arise to the beneficiaries under this policy until the defendant was in default. The cause of action arises out of the transactions and the breach, and all these occurred in Dane county. Pomeroy on Remedies, sec. 453; *Rodgers v. Mut. Endowment Assess. Ass'n*, 17 S. C. 406; *Veeder v. Baker*, 83 N. Y. 156; *Ithaca Fire Department v. Beecher*, 99 id. 429; *Bank of Kentucky v. Harrison*, 1 Bush, 384; *Foster v. Wade*, 4 id. 628. The death is not the *cause of action* or any part of it. It is merely the event which determines the time when the payment is to be made. 3 Addison on Cont. 1232; *Dalby v. Life Ass. Co.* 15 C. B. 387, 390. An agreement to pay money for any good consideration at the death of a party is a valid agreement. It is valid even as a promissory note. Story on Prom. Notes, sec. 27. But it would hardly be contended in any ordinary contract of this character that the death is the cause of action.

For the respondents the cause was submitted on the brief of *Aldro Jenks*. He argued, among other things, that the legislature evidently regarded a cause of action as being capable of division into parts, and that it is optional with the plaintiff to bring his action in any county where a part of the cause of action arose. The construction contended for by the appellant would render the words " or some part thereof " in the statute meaningless. The rule adopted by the circuit court is the only one that affords a safe and convenient test as to the place of trial under this statute. It was this: Where it is claimed that a certain fact or thing occurred in some county, and by reason of that the plaintiff is entitled to have the action tried in such county, we should consider whether the failure to allege such fact in the complaint would make it demurrable on the ground that sufficient facts were not stated to constitute a cause of action. If the omission to state such fact would make a complaint demurrable on such ground, then such fact is a part of a cause of action.

None of the authorities cited by the appellant are applicable to this case. In *Veeder v. Baker*, 83 N. Y. 156, the facts relied upon to retain the case for trial in the county in which it was brought simply went to the *measure* of damages. And *Ithaca Fire Department v. Beecher*, 99 N. Y. 429, is really an authority against the appellant, since the controlling idea in that case seems to be that the cause of action arose where the subject of the insurance was situated.

Cole, C. J. The circuit court heard the motion for a change of venue in this case, and denied the same on the merits. We are disposed to consider it the same way, disregarding the objection that the motion was not made in time under the statute. This is the most favorable view which can be taken for the defendant, and we shall consequently consider whether it was entitled to have the place of trial changed from Iowa to Dane county, upon the admitted facts.

The defendant is a mutual relief and life insurance association, organized under sec. 1771, R. S. It has its principal office and place of business in the city of Madison, Dane county. An application for membership in the association was made by Charles Bruil at Avoca, in Iowa county, to an agent of the company, who forwarded it by mail to Madison, and which application was approved by the proper medical examiners, and thereupon a certificate of membership was issued to him. The assessments which should be made upon him as a member were made payable at the office of the association. At the time of the application, and at the time of his death, Dr. Bruil was a resident of Iowa county, and he died in that county. This action was commenced in Iowa county, and a change of the place of trial was demanded to Dane county. This application was founded upon subd. 5, sec. 2619, R. S., which in effect

provides that the place of trial of an action against a corporation of this class shall be in the county in which it is situated or has its principal office or place of business, or in which the cause of action or some part thereof arose. As respects the locality of the corporation,— its principal office or place of business,— the conditions of the statute were met; but the difficulty of the case grows out of the language " *in which the cause of action or some part of it arose.*" Where, then, did the cause of action in this case arise or have its origin? It is insisted on the part of the defendant that it was in Dane county, because here the officers of the company accepted the application and issued the certificate of membership. It is further said, in support of this view, that a contract is completed where the proposal of one party has been accepted by another; that the place of contract is the place of acceptance and place of performance. This argument, however, affords little aid in the solution of the difficulty. Besides, the statute does not declare that the place of trial shall be where the contract is made or entered into, or where it is to be performed, but where the cause of action or some part of it arose. It seems to us clear that no cause of action arose on this contract until the death of the assured in Iowa county and notice thereof to the defendant. The words " cause of action," as here used, would seem to be synonymous with right of action, and include the act or omission without which there would be no cause of action or right of recovery. " A cause of action is said to accrue to any person when that person first comes to a right to bring an action." 1 Bouv. Law Dict. 291. " Cause of action; the fact, or combination of facts, which give rise to a right of action." 1 Rap. & L. Law Dict. 180. In *Durham v. Spence*, L. R. 6 Exch. 46, the question arose under 15 & 16 Vict. ch. 76, sec. 18, which enacts that in case any defendant, being a British subject, is residing out of the jurisdiction of the superior

courts, it should be lawful for the court or judge, upon being satisfied by affidavit " that there is a cause of action, which arose," etc., within the jurisdiction, etc. The court held that the " cause of action," as there used, means the act or omission constituting the violation of duty complained of, and not the whole cause of action. See, also, cases referred to in the note to 3 Am. & Eng. Ency. Law, 46. It is evident that no cause of action arose until the death of Dr. Bruil and notice of that fact was given to the company. Then it was the duty of the defendant to make payment according to the contract. So the fact which gave rise to the cause of action, or, in other words, gave the right of action, occurred in Iowa county, and not in Dane county. Therefore we are disposed to hold that the former county is where the cause of action arose. Suppose this were a case of fire insurance, the policy having been issued by a Madison company, insuring the dwelling of Dr. Bruil in Iowa county. The house is destroyed by fire, and proof of loss made. Would it be contended that the action to recover on the policy must be tried in Dane county? That that was the county where the cause of action arose? Such, we are confident, has not been the understanding of the profession, who have generally brought such actions in the county where the insured resided, or where the insured property was situated. As affecting the question we are considering, I can see no essential difference in the two cases, and there would be the same reason for saying in the supposed case that the cause of action arose in Dane county that there is for saying that it arose in that county in this case. A cause of action does not arise, within the meaning of the statute, until the existence of such a state of facts as will enable the person having the proper relations to the property or persons concerned to bring the action. Within that construction, a cause of action does not arise until the facts exist which constitute the cause of

action, and not merely the one fact which may be the breach of duty. We derive but little aid from the authorities to which we were referred on the argument in the solution of this question, but we do not think there is anything in *Veeder v. Baker*, 83 N. Y. 156, and *Ithaca Fire Department v. Beecher*, 99 N. Y. 429, which have the most bearing upon the question, which is in conflict with the view which we have expressed.

It follows that the defendant was not entitled to a change of the place of trial, and the order of the circuit court is affirmed.

*By the Court.*— Order affirmed.

