FRANK E. SMITH, Appellant, v. JAMES CALLANAN
*et al.*

**Taxation:** REDEMPTION NOTICE. Code 1873, section 894, provides
that, after the expiration of two years and nine months from the
date of sale of land for taxes, notice may be served on the person
in possession of the land, and also on the person in whose name
the same is taxed, stating that the right of redemption will expire,
1 and a deed for said land be made, unless redemption is made
within ninety days from service of said notice. *Held,* that the
notice should be given to the person in whose name the property
is taxed, at the time the notice is in fact given, and not necessarily
to the person to whom it is taxed at the end of the two years and
nine months from the date of sale.

**TAX BOOK:** *Sale.* Code 1873, section 845, provides for the placing
upon the tax books, opposite each parcel of land, the year or
years for which taxes remain due and unpaid, and that sales for
taxes not so entered are invalid. The treasurer's tax book, in the
3 column "1878," showed the figures "75," written with lead pencil,
and crossed over, as if to mark them out. In column "1879,"
appeared "74" in the same condition. In the column "1880"
appeared the letters "ad," unexplained. *Held,* not a compliance
with the statute.

**Limitation of Action:** COMMENCEMENT OF SUIT: *Action to redeem.*
Code 1873, section 2532, which is found in the general chapter on
the limitation of actions, and provides that delivery of the origi-
nal notice to the sheriff of the proper county, to be served imme-
2 diately, "is a commencement of the action," is applicable to an
action to redeem from a tax sale and to quiet title, though there is
a special limitation for such action not found in the general
chapter on limitations. *Hintrager v. Nightingale,* 36 Fed. Rep.
847, *disapproved.*

*Appeal from Kossuth District Court.*—HON. GEORGE H.
CARR, Judge.

FRIDAY, OCTOBER 15, 1897.

ACTION to redeem from certain tax sales, and to
quiet title. Decree for defendants. Plaintiff appeals.—
*Reversed.*

*George E. Clarke* for appellant.

*Davis & Davis* for appellee.

KINNE, C. J.—I.    The facts in this case are that this action was commenced in the district court of Kossuth county to set aside and redeem from a certain tax deed made to the defendants by the treasurer of said county on October 28, 1887, and which was recorded October 29, 1887.    The real estate involved is the south half of the southeast quarter, and the undivided one-fifteenth of the southeast quarter of the southwest quarter, all in section 13, township 99 north, of range 29 west, of the fifth P. M.    The petition in this case was filed November 3, 1892.    The original notice was delivered to the sheriff of Kossuth county for service on all of the defendants on October 10, 1892, and was served on J. C. Stahl on November 23, 1892.    An original notice was delivered to the sheriff of Polk county, Iowa, for service on the defendants James Callanan and J. C. Savery, on October 28, 1892, and was served on them October 31, 1892.    Plaintiff is the owner of the patent title to the land in controversy, and defendants Callanan and Savery are the owners and holders of the tax title to the south half of the southeast quarter, and an undivided one-fifteenth of the southeast quarter of the southwest quarter of the land heretofore described under a tax deed.    Said deed was made to one Atkins, and he quitclaimed to Callanan and Savery.    For the years 1884 and 1885 said land was assessed and taxed to the American Emigrant Company, and for the years 1886 and 1887 to Callanan and Savery.    The tax deed was taken upon notice served by publication against James Callanan and J. C. Savery, which publication was completed July 15, 1887, and filed with the treasurer July 22, 1887.    Said land was sold

on October 2, 1882, for the taxes of 1874 and 1875. Defendants claim title to said land under the tax deed. In a counter-claim they plead said tax deed as an affirmative ground for relief, and ask for a decree quieting the title in them. They further plead that this action was not commenced within five years after the completion and recording of said tax deed, and that plaintiff's action is barred.

II. Was the notice for a tax deed served upon the proper party? It is to be observed that, at the expiration of the period of two years and nine months from the date of sale, the land in question was assessed and taxed to the American Emigrant Company. When the notice was in fact given, the land was assessed and taxed to James Callanan and J. C. Savery, and the notice was given to them. The controversy is as to whether the notice should be given to the person in whose name the land is assessed, and taxed at the end of the two years and nine months from the date of sale, or to the person in whose name it is assessed and taxed at the time the notice is in fact given. The statute provides: "After the expiration of two years and nine months after the date of sale of the land for taxes, the lawful holder of the certificate of purchase may cause to be served upon the person in possession of such land, * * * and also upon the person in whose name the same is taxed in the manner provided by law for the service of original notices, a notice; * * * and until ninety days after the service of said notice, the right of redemption from such sale shall not expire." Code 1873, section 894. We think the notice was properly given to James Callanan and J. C. Savery. They are the persons in whose name the land was assessed, and to whom it was taxed when the notice was given. The provision of the statute requiring notice to be served on the person in possession and the person in whose name the land is taxed is

for the benefit of the owner of the land. To construe the statute as contended for by appellant would require the service of notice in cases like this upon persons having no interest in the land, whatever. The purpose of the law is to advise the owner that a deed will be taken unless redemption is made within the time provided by statute. It was said in *Heaton v. Knight,* 63 Iowa, 686: "The statute declares that notices served must be served on the person in whose name the land is taxed. This undoubtedly means at the time the notice was served, as the statute was clearly enacted for the benefit of the owner." And see *Cahalan v. Van Sant,* 87 Iowa, 597; *Hall v. Guthridge,* 52 Iowa, 410. We have carefully examined all of the cases cited by appellant, and in none of them has the question here presented been determined. In some of the cases language might be found which, standing alone, might give some support to appellant's contention; but, when considered in connection with the facts of the case wherein such language is used, it in no way aids appellant herein. We have no doubt that our construction of this statute is correct, and the only one which in any way tends towards accomplishing the purpose which the legislature had in mind in its enactment; that is, of giving notice to the owner, so that he might redeem.

III.   The statute provides that "no action for the recovery of real property sold for the non-payment of taxes shall lie unless the same be brought within five years after the treasurer's deed is executed and recorded." Code 1873, section 902. A material question in this case is as to when this action was "brought." Was the action brought when the original notice was placed in the sheriff's hands for service, or was it brought when service of the notice was actually made on the defendants? If service was essential in order to constitute the commencement or

bringing of the action, then this action is barred; otherwise it is not. An action is brought when it is commenced. We are therefore to determine when this action was commenced. Code 1873, section 2532, provides that "the delivery of the original notice to the sheriff of the proper county with intent that it be served immediately, which intent shall be presumed unless the contrary appears, * * * is a commencement of the action." Section 2599 provides: "Actions in a court of record shall be commenced by serving the defendant with a notice. * * *" Section 2605 provides: "If the notice is placed in the hands of a sheriff, he must note thereon the date when received, and proceed to serve the same without delay. * * *" It is clear that section 2599 throws no light upon the subject of our inquiry. That section simply points out or provides the manner in which an action shall be commenced. Section 2605 is only material as indicating the duty of the officer as to service, but, like 2532, is not, in terms, limited in its application to chapter 2 of title 17 of the Code of 1873. We, then, have but one section of the Code of 1873 which undertakes to provide what shall be deemed to be the commencement of an action so far as the statute of limitations is concerned, and that is section 2532. That section is found in chapter 2 of title 17 of said Code. That chapter treats of the limitation of actions generally. In determining whether section 2532 furnishes the rule for ascertaining when the action referred to in section 902 is brought, it is well to consider briefly some decisions of this court. So far as it is material to the question to be determined in this case, it may be said that the statutes referred to are in substance the same as they appeared in the Code of 1851 and in the Revision of 1860.

The decisions of this court which tend to throw light upon the question before us may be grouped under the following heads: (a) Cases of attachment and

injunction, wherein it has been held that the filing of
the petition and the service of the writ operates to com-
mence the action. *Sweatt v. Faville,* 23 Iowa, 321;
*Hargan v. Burch,* 8 Iowa, 310. In the last cited case,
the court, in speaking of the corresponding section of
the Code of 1851, says: "The intention here is that,
when the precise time of the commencement of an
action becomes material, the fact referred to in section
1663 is made to define that time." (b) Cases wherein
the provisions of the general statute of limitations have
been held not to apply to or to control the contract stip-
ulations limiting the time within which the action must
be brought. *Parkyn v. Travis,* 50 Iowa, 438; *Proska v.
McCormick,* 56 Iowa, 318. *Harrison v. Insurance Co.,*
102 Iowa, 112. In *Parkyn's Case* and *Proska's Case* it
was held that section 2532 fixed the time for the pur-
pose of determining the rights of the parties under the
statute of limitations, and that section 2599 contains
the general provision as to what is the commencement
of an action. (c) Cases arising under special limitation
statutes, not found in chapter 2 of title 17; and in which
this court has either held directly or assumed that
section 2532 was controlling in determining what con-
stituted the commencement of the action. *Snyder v.
Ives,* 42 Iowa, 157; *Wilson v. McElroy,* 83 Iowa, 595. (d)
Cases arising under other sections in chapter 2 of title
17 of the Code of 1873, and in which section 2532 has
been held to be of general application. *Heaton v. Fry-
berger,* 38 Iowa, 185, in which the court considered the
sections of the Code of 1851 and of the Revision of 1860,
which are the same as section 2532 of the Code of 1873.
(e) Other cases which bear on the question. *Ware v.
Howley,* 68 Iowa, 633; *Lesure Lumber Co. v. Ins. Co.,* 101
Iowa, 514.

We have referred to the foregoing cases, not
because they were decisive of the question before us,

but rather to show the tendency of judicial construction, and as indicating to some extent the view the court has taken as to whether section 2532 is controlling in determining what is the commencement of the action when the limitation is a special one, not found in the general chapter on limitation of actions. It is apparent that in one or two cases the court, without expressly holding that section 2532 was applicable in all cases where special limitations were provided, has applied it in such cases. We do not think that the mere fact that section 2532 is found in the general chapter on the limitation of actions is of itself con trolling in determining whether it shall be applied to cases of other limitations found in the Code, and especially as it is in its terms general and unrestricted. Our attention is called by appellee's counsel to the case of *Hintrager v. Nightingale,* 36 Fed. Rep. 847, a case like that at bar, wherein Judge Shiras held that section 2532 did not control, and that the commencement of the action in such a case was the service of the notice. He construes the case of *Proska v. McCormick, supra,* as in effect deciding that section 2532 applies only to the limitations provided for in the chapter in which it is found. Such a conclusion does not necessarily follow that holding. That was a question as to whether sec tion 2532 applied to a contract limitation, and had no relation whatever to the question as to whether special statutory limitations, not found in the general chapter on the limitation of actions, should be governed by section 2532 in so far as determining when the action was commenced was concerned. We discover no good reason for following the cited case. Certain it is, the same rule should obtain as to what shall constitute the commencement of an action, as to the statute of limitations, whether the limitation be found in the general chapter or elsewhere in the Code, unless there is something in the statute itself indicating to the contrary, or

unless some recognized rule of construction will be violated in so holding. We think, therefore, that, except in the classes of cases wherein section 2532 of the Code of 1873 has been held not to be controlling, or in other like cases, as a general rule, said section must be held applicable to cases of special limitations of actions, in determining what shall constitute the commencement of an action. It follows that, the notice having been placed in the sheriff's hands in time, the action in this case is not barred.

IV. Only one other question need be considered. Section 845 of the Code of 1873 provides that "the treasurer, on receiving the tax books for each year, shall enter upon the same in separate columns, opposite each parcel of real property or person's name, on which, or against whom any tax remains unpaid for either of the preceding years, the year or years for which such delinquent tax so remains due and unpaid. And any sale for the whole or any part of such delinquent tax, not so entered, shall be invalid." An inspection of the treasurer's books for 1881 and of the abstract shows that the above statute was not complied with. In the treasurer's books in the column "1878," the figures "75" have been written in with a lead pencil, and said figures have been crossed over as if it was intended to mark them out. In the column "1879," in like manner, have been marked the figures "74," and they are also crossed out; and in the column "1880" appear the letters "ad." The letters "ad." appearing opposite the tracts of land in controversy, unexplained, mean nothing. The other marks referred to, especially in view of their condition,—being crossed out,—cannot be held to constitute a compliance with the statute. There is therefore nothing to show that the tax of 1874 and 1875 was brought forward as the law requires. Under such circumstances, the sale was invalid, and the

deed should be set aside, and the plaintiff be permitted to redeem. *Gardner v. Early*, 69 Iowa, 44; *Barke v. Early*, 72 Iowa, 273; *Hooper v. Bank*, 72 Iowa, 280.— *Reversed*.