CHARLES F. Box, Appellant, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

**Amendment of Pleading:** STATUTE OF LIMITATION. A complaint by a brakeman against a railroad company for injuries received in

coupling cars, alleging negligence in using different systems of bumpers in the coupling of its trains, instead of the ordinary, improved bumper, cannot be amended, after the running of limitations, by charging negligence in having the bumpers loose and out of repair, for the reason that the amendment states a new cause of action.

"Cause of action" defined. In an action to recover damages for negligence, "the cause of action," as used in pleading, is not the injury wrongfully inflicted through defendant's negligence, but is the fact or facts that justify the action, or show the right to maintain it. If this were not the rule one petition charging one negligence might always be amended so long as the amendment confined itself to charging some other negligence.

Assuming risk of employment. An employe who knows of improper appliances used in his work, but does not object, assumes the risk.

*Appeal from Wapello District Court.*—Hon. T. M. Fee, Judge.

Thursday, April 6, 1899.

Action for personal injuries. In August, 1892, the plaintiff was in the employ of defendant as a brakeman on one of its trains, and was injured in the act of coupling its cars. The original petition was filed August 5, 1893, and the negligence of the defendant is charged in the following language: "That on August 8, 1892, and prior thereto, plaintiff was in the employ of the defendant, acting and laboring for defendant in and about the operation of a certain freight train on defendant's road, more particularly between the points of Eldon, Iowa, and Trenton, Missouri; acting in the capacity of head brakeman of said certain freight train of defendant company; said train being No. 83, known as 'local freight train.' Plaintiff further states that as a part of said train, and the same being made up of stock and flat cars, with different styled bumpers, that said defendant was using on its said cars different systems of bumpers. The exact name and manufacturers are to plaintiff unknown. That, by the use of said different systems of drawbars or bumpers in the

making of the coupling of the bars, one drawbar or bumper would be lower than the other by four or five inches, thereby making it dangerous and unsafe for the employe to attempt the coupling of cars. That these facts were well known to the defendant at and prior to August 8, 1892. That defendant was not at said day using the ordinary improved drawbar or bumper on its said line of railroad for freight trains, and for this reason the said defendant was guilty of gross negligence in the operation of its said freight trains." The petition then shows that the plaintiff was injured by having his hand crushed, without negligence on his part; and it is averred that "all this injury occurred by reason of the negligence on the part of the defendant in using the different systems of drawbars on their said freight cars, * * *" and, "in the operation of its trains, in directing the making of the coupling mentioned herein with drawbars and bumpers of the character as mentioned in the petition." On the twenty-first day of August, 1893, the defendant filed a general denial. On the eighth day of September, 1896, the plaintiff filed an amendment to the petition, in which he adopts his former allegations, and then states as follows: "Plaintiff further states and avers, as the further additional acts of negligence on the part of defendant, that at the date of the injury complained of, and long prior thereto, that the drawbars of both the cars in train No. 83, in which this plaintiff was attempting to make such coupling, were old, worn, and out of repair; that said drawbars were loose, and not in place; that the attachments holding said bumper and drawbars were of deficient material, and worn to such an extent that said bumpers or drawbars were not securely attached and held in place, as the same should be; that said bumper and drawbar as alleged herein to be worn and out of repair was the bumper and drawbar attached to the east end of a low stock car in said train of defendant; that, in the making of said coupling as alleged in plaintiff's original petition, the bumper and drawbar, by reason of the same being out of repair, loose, and not

securely fastened or attached by good and sound material, was thrown upward, and out of its 'true line, and in this manner caught the left hand of this plaintiff, and inflicted the injury complained of; all these acts of negligence, and out of ·repair and worn condition of this bumper and drawbar, were known to defendant; that said defects were notorious, and same had been out of repair for quite a length of time; that the officers and employes of defendant, in assisting to make such coupling, were guilty of gross negligence, in this: that after plaintiff had been directed to make such coupling, and while said coupling was about to be made by this plaintiff, the middle brakeman, George Noah, signaled the engineer to back said train against the flat car that was about to be coupled onto said train; that said train was coupled and negligently backed and thrown against said flat car with great force, so as to cause the bumper to be thrown upwards, and caught the left hand of this plaintiff, and caused, in part, the injury complained of in original petition." A demurrer was sustained to the amendment to the petition, and, after an amendment to the answer, and a reply, the cause proceeded to trial on the averments as stated in the original petition. At the close of the evidence the court, on motion of defendant, directed a verdict in its favor, and from a judgment thereon the plaintiff appealed.—*Affirmed.*

*McIntire Bros.* and *L. E. Coad* for appellant.

*Carroll Wright* and *McNett & Tisdale* for appellee.

GRANGER, J.—I.  The condition of the record leads us to understand that the amendment to the petition, to which the demurrer was directed, was treated as a separate count; for, after it was held bad on demurrer, the case proceeded to trial as to the original petition. It will be seen that the amendment was filed some four years after the accident occurred, and actions of this character are barred by the statute of limitations in two years. The demurrer to the amend-

ment raises the question whether it presents a new or separate cause of action, so as to come within the operation of the statute of limitations. A reference to the averments of the original petition will show that the negligence charged is in using different systems of drawbars or bumpers in the coupling of its trains on the day of the accident, instead of the ordinary, improved drawbar or bumper, on its line of road. The acts of negligence charged in the amendment are entirely different, and show a right of recovery independent of, and without regard to, the acts charged as negligence in the original petition; the latter negligence being in the way and manner of using the drawbars,—in having them loose and out of repair,—so that the injury arose from negligence in the way the drawbars were used, and not from the fact that different systems were used. Appellant thinks that this question comes clearly within the rule of *Kuhns v. Railway Co.,* 76 Iowa, 67, and appellee thinks that it comes as clearly within the rule of *Van de Haar v. Van Domseler,* 56 Iowa, 671. We think the latter case controls. In the *Kuhns Case,* recovery was sought because of negligence in not properly ballasting the road, spiking the rails, permitting the track to be uneven, operating an unsuitable engine, and running it backward, because of which the engine was derailed and upset, causing the injury. Later, and after the period of the statute of limitations had run, the petition was amended by stating that when the engine was derailed it was running at a high rate of speed over the imperfectly constructed and uneven road, and that one of the wheels dropped into a low place on the roadbed, and was broken, thereby causing the derailment and injury. This was held not to be stating a new or separate cause of action, and clearly it was not. It is not clear that every additional fact might not have been proven without the amendment. The original averments are, in substance, that the faulty condition of the track made it dangerous to operate the engine over it, while those in the amendment showed that in the

operation of the engine over the track the derailment was caused. The averment as to the speed of the engine is only that it was dangerously high over the uneven road. In that case the substance of the pleading is but slightly, if at all, changed. Now, let us look to the *Van de Haar Case*. It was a suit for damages for seduction. The amendment filed, after the statute had run, made a cause of action for forcible defilement or rape. It was held to be a separate cause of action, and properly so. It is true that in the first-cited case the recovery was sought because of negligence, and in the latter case the recovery was sought because of unlawful intercourse; but a "cause of action," as the term is used in pleading, is not the name under which a state of facts may be classed, but it consists of the facts giving rise to the action. An action is a proceeding in court. Code, section 3424. The cause of action is the fact or the facts that "justify it or show the right to maintain it." Hence, when a material fact, necessary to a recovery, is omitted from a petition, we say it does not state a cause of action. In 5 Am. & Eng. Enc. Law, 776, it is said: "The cause of action is the entire state of facts that gives rise to an enforceable claim. The phrase comprises every fact which, if traversed, the plaintiff must prove in order to obtain judgment." This definition is taken, substantially, from the case of *Read v. Brown,* 22 Q. B. Div. 128. In that case it is said that a cause of action is "every fact which it would be necessary for plaintiff to prove, if traversed, in order to support his right to the judgment of the court." It is then said: "It does not comprise every piece of evidence which is necessary to prove each fact, but every fact which is necessary to be proved." In *Hutchinson v. Ainsworth,* 73 Cal. 452 (15 Pac. Rep. 82), speaking of a cause of action with reference to the statute of limitations, it is said: "The facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong, make up the cause of action."

See *Bruilt v. Association,* 72 Wis. 430 (39 N. W. Rep. 529), and Rapalje & Lawrence Law Dictionary, 180. Care should be taken not to confuse the term "cause of action" as used abstractly and as used in pleading. In a general sense, the term means "a claim which may be enforced." *Bucklin v. Ford,* 5 Barb. 393. "It is a right which a party has to institute and carry through an action." *Myer v. Van Collem,* 28 Barb. 230. "The right to prosecute an action with effect." *Douglas v. Forrest,* 4 Bing. 704. Looking to these cases, it will be seen that the term "cause of action" is used with no purpose to indicate a rule by which one cause of action may be distinguished from another, but merely with reference to the existence of a cause of action. We use expressions like these: "A cause of action for negligence;" "a cause of action for malicious prosecution;" "a cause of action for desertion." They indicate the subject or subject-matter of the action, but are meaningless as showing a particular cause of action. In *Rodgers v. Association,* 17 S. C. 406, are the following query and answer: "What is a cause of action? We must keep in view the difference between the subject of the action and the cause of the action. The subject of the action was what was formerly understood as the subject-matter of the action. * * * The cause of action is the right claimed or wrong suffered by the plaintiff, on the one hand, and the duty or delict of the defendant, on the other; *and these appear by the facts of each separate case."* We have emphasized closing words to call especial attention to the rule when applied to a particular case. The application of the rule to this case leaves no doubt what the conclusion should be. The original petition stated a complete cause of action, and the amendment stated another. The two causes of action are so distinct and separate that either could be established without reference to the fact of negligence alleged in the other. Appellant says the cause of action is "the injury wrongfully inflicted by the defendant through the negligence of the defendant." That means a cause of action

based on defendant's negligence, and, if that is the meaning
of the term, for the purposes of pleading, then no amend-
ment would be vulnerable to the objection that it stated a
separate cause of action, so long as the facts pleaded consti-
tuted negligence.   No authority that we have seen sustains
such a rule.   A case in point and quite instructive, is *Rail-
way Co. v. Wyler,* 158 U. S. 285 (15 Sup. Ct. Rep. 877).
The action was instituted in Missouri by Wyler for injuries
caused by a fellow servant in the state of Kansas, and, as the
law of Missouri did not make the master liable for the neg-
ligence of a fellow servant, the charge of negligence against
the company was in its employing and retaining an incompe-
tent person who caused the injury.   This plea was filed within
the statutory period.   After the statute had run, Wyler
amended his petition by averring that Kline, the fellow ser-
vant, was negligent, and caused the injury, so as to bring the
case within the law of Kansas, which is like ours, so that, while
the action was still for negligence, there was a change of aver-
ment as to the particular facts constituting the negligence.
The court held that the amendment stated a new cause of
action, so that another rule of law obtained, and that it was
barred by the statute.   The court speaks of it as a "departure
from law to law," and then, as to the facts, it says:   "If the
charge of incompetency in the first petition was not *per se* a
charge of negligence on the part of the fellow servant, then
the averment of negligence, apart from incompetence, was a
departure from fact to fact, and therefore a new cause of
action."   The case announces a very conclusive rule.   See,
also, *Railway Co. v. Scott,* 75 Tex. 84 (12 S. W. Rep. 995).
In that case Scott was injured on defendant's road, and
brought suit, which was settled by the payment of money,
and an agreement to employ Scott.   Scott brought suit for a
breach of the agreement to employ him, averring that the
employment was to be, as to time, at his option.   After the per-
iod of the statute of limitations had run, he amended simply
as to the one fact of time he was to be employed, charging
that it was to be during his life.   The case holds that it was

a statement of a new cause of action. The thought obtains throughout the case that even though the amendment might otherwise be allowable, it will not be permitted when the effect will be to make the state of facts pleaded relate back so as to avoid the statute of limitations, if the new cause of action would be otherwise barred.

II. The cause proceeded to trial on the issues joined as to the original petition, and at the conclusion of the evidence the court directed a verdict for defendant. On this branch of the case the only question of negligence is that involved in the use of the kind of drawbars or bumpers, and not in the way they were used. A ground of the motion to direct a verdict is that the plaintiff, because of his knowledge of the use of the drawbars in question, and continuing in defendant's service with such knowledge, waived all rights of complaint because of their use. The rule of this state, as applied to facts upon which the motion is grounded, has been long recognized, and is concisely expressed by Mr. Justice Day in *Perigo v. Railway Co.,* 52 Iowa, 276, in the following language: "It is now the established doctrine of this court, in harmony with the current of authority elsewhere, that an employe who knows, or by the exercise of ordinary diligence could know, of any defects or imperfections in the things about which he is employed, and continues in the service without objection, and without promise of change, is presumed to have assumed all the consequences resulting from such defects, and to have waived all right to recover for injuries caused thereby." The same rule, in substance, has often been approved in different cases, and among them are *Muldowny v. Railway Co.,* 39 Iowa, 615; *McKee v. Railway Co.,* 83 Iowa, 616; *Mayes v. Railway Co.,* 63 Iowa, 562; *Scott v. Coal Co.,* 90 Iowa, 689; *Cowles v. Railway Co.,* 102 Iowa, 507. The evidence, without substantial conflict, brings the case within the rule as stated. The facts conclusively appear from plaintiff's own testimony. It is not important to set out the evidence or enlarge upon it. The judgment is AFFIRMED.