MARGARET TOUHEY, Appellee, v. MARIE COONEY, Appellant.

IN RE ESTATE OF THOMAS TOUHEY.

**WILLS:** Non-Heir Devisee Contesting Subsequent Will. A devisee
1  who, without the will in his favor, would, under the laws of inheritance, take no part of testator's estate, may not contest a later will by testator, on the ground of mental incompetency of testator, without necessarily and unavoidably admitting that testator was fully competent to execute the will in his—contestant's—favor. It follows that such contestant will be limited to evidence of incompetency subsequent to the execution of the will in his favor.

**WILLS:** Presumption and Burden of Proof. Proponent's burden of
2  proof to prove testamentary capacity is met, in the first instance, by a showing, or concession, that testator had executed another will two months prior to the will in question, and was then possessed of testamentary capacity.

*Appeal from Buchanan District Court.*—GEORGE W. DUN-
HAM, Judge.

MARCH 12, 1918.

REHEARING DENIED JUNE 24, 1918.

THE alleged will of Thomas Touhey was proposed by the appellant. The will was set aside on the ground of alleged want of mental capacity, and proponent appeals.—*Reversed and remanded.*

*R. J. O'Brien* and *Hasner & Hasner,* for appellant.

*John J. Ney* and *M. W. Harmon,* for appellee.

SALINGER, J.—I. The decedent was a bachelor, some 43 years old. On the 25th of April, 1912, he made a will in favor of the contestant, his niece. On June 28, 1912, he made the will in review, and in favor of proponent, his cousin. The contestant has no right to maintain this contest, unless the will of April 25th, in her favor, is a valid will. It follows she must concede that, up to April 25th of the year in which the attacked will was made, decedent was capable of making a will. This disposes of many things which the appellee urges in support of her verdict. Concede her claim that decedent never was strong mentally. Admit he became so ill that the last sacrament of his church was administered. All this was his condition before he made that will which contestant must concede he was capable to make. In other words, this contestant is in no position to take advantage of anything urged against the capacity of the decedent because of anything that existed before and at the time he made the will in favor of contestant. Of necessity, then, the question is whether there was any evidence as to things that happened between the making of the two wills from which a jury might, in reason, find that, though the testator was competent when he made the first, he was incapable when he made the last. It is true that, in this proceeding, appellant had the initial burden of proving testamentary capacity. But, it being conceded that there was such capacity on the 25th day of April, 1912, this burden is, in the first instance, discharged by the presumption of continuity. And ultimately, it must be determined whether the appellee has adduced anything which makes mental capacity subsequent to April 25th, and between then and up to June 28, 1912, fairly a jury question. Taking the claims of the appellee for it, and the most there is, is that decedent left the home of the contestant's parents and went

1. WILLS: non-heir devisee contesting subsequent will.

2. WILLS: presumption and burden of proof.

to that of the proponent, when the weather and his physical condition were such as that making the journey and the change itself were injurious to the health of decedent, and in violation of the directions of his physician, which enjoined quiet upon him; that the heart trouble from which decedent had suffered for years grew steadily worse between the time he made the first alleged will and the one at which he made the proposed one; that he had a fixed intention to devise his estate to the contestant; that he erred in claiming he left the home of contestant's parents because not well used there; that proponent has not proved any good reason why a once fixed intention to give his property to contestant should have been abandoned in favor of proponent; and that death came in ten or twelve days after the contested will was made. As said, it was for the contestant to have some evidence that the will in favor of proponent was so utterly unreasonable as that that fact alone is some evidence of mental incapacity, or evidence of a condition of mind, body, or both, from which such incapacity might be deduced by reasonable men, though other reasonable men would not reach the same conclusion therefrom. It certainly does not meet this requirement to point out that proponent did not show why the will was, under all the circumstances, a reasonable one. Ultimately, it became the duty of the appellee to make a jury question of incapacity. This burden cannot be discharged by showing that a man sick with a heart trouble became more sick, and ultimately died, and died not long after making the will. It is not enough that his last will involves a radical change from an earlier one. It is not enough that, no matter what he may have thought about it, there was no justification in fact for his making such change. Nor is it enough that, added to all this, the *proponent* has not shown affirmatively why the change was made, and that witnesses said they had never heard of his "favoring Marie Cooney in any way." Undue

influence is out of the case. All we have pointed out,—and it is the essence of the appellee's evidence,—is no substantial proof of a claim that, between April 25, 1912, and the 28th of June following, the decedent changed from being a man capable of making a will to one who was not. See *Hanrahan v. O'Toole*, 139 Iowa 229. Then, too, there is the clearest of affirmative testimony that there was capacity at the very time when the will proposed was made. True, appellee argues that "the explanation is clear he was a dying and a helpless man, always foolish and clownish and simple, but in his condition at the time of making the copy and of making his signature, a mere automaton."

If he was always foolish, clownish, and simple, to an extent that made him incapable to make a will, then the will for contestant deprives her of standing to attack the proposed will. And, while a "mere automaton" cannot make a will, there is no evidence that decedent was such automaton.

We are of opinion that the motion for new trial of the appellant should have been sustained, on the ground that the verdict is not supported by the evidence. This makes it unnecessary to consider the many other complaints made, and the cause must be—*Reversed and remanded.*

PRESTON, C. J., LADD and EVANS, JJ., concur.