JOHN N. HUESTON, Appellant, v. PREFERRED ACCIDENT INSURANCE COMPANY, Appellee.

**ACTIONS:** Commencement—Petition Without Service. The filing
1   of a petition and the service of the original notice upon an unauthorized person do not constitute the "commencement" of an action, within the terms of the statute, and of a contract of insurance, which prohibits action until the lapse of a stated time.

**PLEADING:** Form and Allegations in General—Contradictory Positions—Estoppel. A litigant who, on special appearance, plants himself upon the proposition that plaintiff has *not* commenced any action because the service made was on a wholly unauthorized party, and consequently induces the plaintiff to go ahead and secure new and valid service, thereby estops himself from later changing front and asserting that the facts attending the former proceedings *did* constitute the "commencement" of an action, and that such action was *premature* under the contract sued upon; and especially is this true when this change of front was deferred until the time within which action might be brought had expired.

**LIMITATION OF ACTIONS:** Computation of Period—Amendments
3   Pleading New Action. No new cause of action is pleaded by an amendment which abandons a former allegation that defendant had *waived* the performance by plaintiff of certain conditions precedent, and substitutes, without change in the prayer, an allegation that plaintiff has performed all conditions of the contract. An amendment *which does no more than protect a pleading from a demurrer* does not constitute the pleading of a new cause of action.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

JUNE 24, 1918.

REHEARING DENIED SEPTEMBER 30, 1918.

SUIT on a policy of insurance.  A demurrer that suit is prematurely brought was sustained.  So was an amendment to the demurrer, asserting that the suit is brought too late.  Plaintiff appeals.—*Reversed and remanded.*

*B. F. Jones* and *B. A. Dolan,* for appellant.

*F. T. Hughes,* for appellee.

SALINGER, J.—I.  The original petition was filed on the 14th of April, 1915.  On April 16, 1915, plaintiff served original notice on an alleged agent of the defendant's.  The trial court held, on demurrer, that plaintiff had brought his action prematurely.  If the filing of the petition on April 14, 1915, or the service of notice two days later, or both, began suit as early as April 16, 1915, then the suit was premature.

1. ACTIONS: commencement: petition without service.

The defendant entered a special appearance on May 10, 1915, and therein challenged the jurisdiction of the court, on the ground that the person who had been served with original notice sustained no relation to the defendant which would make a service upon him a service upon the defendant.  While this motion was pending, undetermined, and on the 28th of September, 1915, the plaintiff made an effective service of notice.  If the service of this last notice was the beginning of action, then the trial court erred in holding that action was prematurely brought.

It has been held that, for some purposes, action is begun when petition is filed.  *Hagan v. Burch,* 8 Iowa 309; *Sweatt v. Faville,* 23 Iowa 321, at 329, approved in *Smith v. Callanan,* 103 Iowa 218, at 223.  In the first, this was declared in determining that there was the right to have an attachment issue after petition was filed, but before original

notice was served.   In the *Sweatt* case, an injunction suit
was held to have been begun when writ of injunction was
served; and the holding was, among other things, put on
the ground that there is no statute provision regulating the
writ of injunction which requires an original notice to be
served before the writ may be allowed.   But our decisions
have made it clear that these two cases deal with exceptions,
instead of the rule.   It was declared, in *Reed v. Chubb Bros.,
Barrows & Co.,* 9 Iowa 178, at 180, the rule in the *Hagan*
case notwithstanding, that, "strictly," a suit is commenced
by the delivery of notice to the sheriff, or by actual service
thereof by a person other than the sheriff.   In *Fritz v. Fritz,*
93 Iowa 27, at 29, it is expressly ruled that the said earlier
cases state an exception, and must be limited to the records
presented therein.   In *Lesure Lbr. Co. v. Mutual Fire Ins.
Co.,* 101 Iowa 514, at 518, *et seq.,* these earlier cases are all
considered, and so distinguished as that, notwithstanding
them, it is the settled law that neither the filing of a petition
nor the service of notice upon one whose being served is no
notice to the defendant, is the beginning of a suit for the pur-
pose of a plea in abatement urging that suit was prema-
turely brought; and that there is no beginning of suit for
the purpose of such plea until binding service is made, or
the defendant appears to the petition.   It is further held
that, if appearance be not made until a time when bringing
suit would not be premature, the action is, for the purpose
of the plea of abatement, begun when this appearance is
made.

The question, then, is whether the filing of a petition by
this plaintiff, and serving a notice which was no notice to
the defendant, began action.   We have seen that the *Lesure*
case holds that neither of these acts insti-
tuted suit.   For the purposes of this case,
2. PLEADING:
form and alle-
gations in gen-
eral: contra-
dictory posi-
tions: estoppel.
commencement of action dates from the ac-
tual service of an effective notice.   *Proska
v. McCormick,* 56 Iowa 318; *Parkyn v. Trav-*

*is,* 50 Iowa 436.  We have held that, where a first notice is ineffective, and a second notice is effectively served, the last notice institutes the first action pending.  *Littlejohn v. Bulles,* 136 Iowa 150.  To the same effect is *Keller v. Harrison,* 139 Iowa 383.  One' reason why we now hold it was error to sustain the demurrer alleging prematurity is that the first binding notice was served on September 28, 1915; that, therefore, the action was then begun, and, being then begun, was not premature.  A second reason for this holding is this:  At one stage in our statute law, the special appearance of this defendant to object to the sufficiency of the notice served would confer jurisdiction over the person of defendant.  *Lesure Lbr. Co. v. Mutual Fire Ins. Co.,* 101 Iowa 514, 520; *Moffitt v. Chicago Chronicle Co.,* 107 Iowa 407, 411; *Locke v. Chicago Chronicle Co.,* 107 Iowa 390, 394; *Hamilton v. Hamilton,* 129 Iowa 628.  But this is no longer so.  Consequently, the special appearance was a deliberate declaration by the defendant that no notice whatever had been served up to May 10, 1915, when the special appearance was made—a position which was maintained until the special appearance was withdrawn, on September 22, 1916, at which time it was too late to bring a new action.  It has been held, time and again, that, where the defendant induces the bringing of action too soon or too late, there is an estoppel to urge either prematurity or bar by time.  There could have been no plainer inducement to act upon the assumption that suit was not prematurely brought than a solemn declaration by the defendant in open court that no suit at all had been brought.  And so long as the defendant maintained that position, it could not be heard to say that suit was prematurely brought.  It maintained that position until the bringing of a new suit would not be premature, and, for that matter, until it would have been too late, had plaintiff continued to act upon the declaration of the defendant.  We do not overlook that de-

fendant now urges that the first notice was effective and binding. But even if its original assertion to the contrary had caused the plaintiff no injury, it is elementary that defendant could not now recede from the position' it deliberately took first. *Kearney Mill. & Elev. Co. v. Union Pac. R. Co.,* 97 Iowa 719, at 724; *Midland Linseed Co. v. American L. F. Co.,* 183 Iowa 1046; *Sloanaker v. Howerton,* 182 Iowa 487; *Touhey v. Cooney,* 183 Iowa 1023; *Van Winkle v. Crowell,* 146 U. S. 42 (13 Sup. Ct. Rep. 18) ; *Lehman, Durr & Co. v. Van Winkle,* 92 Ala. 443 (8 So. 870) ; *Bulkley v. Morgan,* 46 Conn. 393; Bigelow on Estoppel (5th Ed.), 673; *Nield v. Burton,* 49 Mich. 53 (12 N. W. 906) ; *Terry v. Munger,* 121 N. Y. 161 (24 N. E. 272) ; Herman on Estoppel, Sections 1045, 1051; *Mollring v. Mollring,* 184 Iowa 464.

It must be confessed we have decisions that mere failure to object to prematurity until a time has been reached when bringing suit would not be premature does not waive prematurity. But we need not enter upon any discussion of these decisions, because here was more than mere failure to object. There was a positive declaration by the defendant that no suit had been instituted, which position was adhered to until it was too late to bring suit. We plant our decision at this point upon holding (1) that no original notice was served or appearance made until on and after September 28, 1915, and that suit was begun on September 28, 1915, and was, therefore, not premature; (2) that defendant, by taking the position that the notice served on April 16, 1915, was no notice, and maintaining that position until after a second notice had been served, is now in no position to urge that suit was brought by the serving of the notice on April 16, 1915, and that, therefore, the suit was prematurely brought. It follows it was error to sustain that part of the demurrer which asserted that the suit was prematurely brought.

II. On July 8, 1916, the plaintiff filed a substituted pe-

tition.   If, as appellee contends, this petition presented a
new and distinct cause of action, the trial court was right
in sustaining a demurrer to this substitute
on the ground that the cause of action al-
leged in the substitute was barred both by
contract and statute limitations.   The
question at this point is whether the sub-
stitute did present a new cause of action.
The original petition sought to excuse the failure to per-
form certain conditions precedent by alleging a waiver.   The
prayer in both petitions is the same.   Both declare on the
same contract and upon the same injury.   The substituted
petition makes no change, in effect, except that it abandons
said claim of waiver and substitutes for it the general alle-
gations sanctioned by statute, that plaintiff has performed
and complied with all the terms and conditions of the policy
to enable him to recover thereon.   It is this change which
the trial court held to work the creation of a new cause of
action, or, as it is sometimes put, a new right of action.

3. LIMITATION
OF ACTIONS:
computation of
period:
amendments
pleading new
action.

We think in this the court erred.   There is some hair-
splitting in the cases on what is the subject of the action,
a right of action, and a cause of action.   It is possible to
gather from some of the cases that, though one sues for a
debt, and at no step of the litigation for anything but the
same debt, an amendment which seeks a new remedy, or al-
leges some fact which gives the right to sue for the debt, does
not relate back, and is in such sense a change of front
as that the amendment may be held barred by limitations.
In some cases it is loosely said that a cause of action in-
volves every fact which is material to be proved to entitle
the plaintiff to succeed, and every fact which the defendant
would have a right to traverse.   See 6 Cyc. 705; *Jer-
ome v. Rust*, 23 S. D. 409 (122 N. W. 344) ; *Elliott v. Chi-
cago, M. & St. P. R. Co.*, 35 S. D. 57 (150 N. W.
777) ; *Bruil v. Northwestern Mut. Relief Assn.*, 72 Wis.

430 (39 N. W. 529, 530); *South & North A. R. Co. v. Bees,*
82 Ala. 368 (2 So. 752). We do not care to discuss the many
refinements the case law exhibits on the point, and are con-
tent to say that, in this case, the cause of action and the
right to sue were the contract between the parties indem-
nifying the plaintiff against accident, and that he suffered
injury from an accident covered by the contract. We think
that neither the allegation of the original petition that no-
tice and proof of loss and the like had been waived, nor the
substituted one that all conditions precedent had been com-
plied with, stated either the subject of the action, the right
of action or the cause of action. With neither of these al-
legations present, the petition would have been demurra-
ble. We have settled that an amendment which cures a pe-
tition otherwise demurrable is not barred by limitations if
the amended pleading is not. *Knight v. Moline, E. M. &
W. R. Co.,* 160 Iowa 160, 169. In *Bruil v. Northwestern
Mut. Relief Assn.,* 72 Wis. 430 (39 N. W. 529, 530), the con-
trary position is, in effect, taken; but we prefer our own
decisions on the point. That plaintiff could never have col-
lected his debt if not allowed to amend, is a reason for per-
mitting amendment, and not for holding that it comes too
late. *Dana v. McClure,* 39 Vt. 197. In that case it is fur-
ther held that the statute of limitations merely gives the
debtor a special method of defense to the remedy, and does
not extinguish nor affect the indebtedness which makes the
cause of action. It would follow that, since the amendment
here sought no new remedy, there was nothing to which
limitations could be addressed. In *Durham v. Spence,* L.
R. 6 Exch. 46, "cause of action" was defined to be the act or
omission constituting the violation of duty complained of,
and not the whole cause of action.

What will bar an amendment clearly demonstrates that
this amendment is not barred. In *Van de Haar v. Van
Domseler,* 56 Iowa 671, at 675, the change held to present

a new suit was one from seduction to rape. In *City of Kansas City v. Hart*, 60 Kan. 684 (57 Pac. 938, *Walker v. Iowa Cent. R. Co.*, 241 Fed. 395, *La Floridienne, etc., v. Atlantic C. L. R. Co.*, 63 Fla. 208 (58 So. 186); the amendment held barred changed a case of common-law negligence to one of statute negligence. Amendment has been held barred for injecting a different tort or negligence. *Alabama G. S. R. Co. v. Smith*, 81 Ala. 229 (1 So. 723); *Buntin v. Chicago, R. I. & P. R. Co.*, 41 Fed. 744; *Box v. Chicago, R. I. & P. R. Co.*, 107 Iowa 660. In the many cases in which Box *v. Chicago, R. I. & P. R. Co.* has been considered and followed, the amendment unquestionably presented a new suit. See *Union Pac. R. Co. v. Sweet*, 78 Kan. 243 (96 Pac. 657); *Kramer v. Gille*, 140 Fed. 682; *Johnson v. American S. & R. Co.*, 80 Neb. 250 (116 N. W. 517); *In re Kemper*, 142 Fed. 210; *Cox v. American F. & L. Mtg. Co.*, 88 Miss. 88 (40 So. 739); *Gordon v. Chicago, R. I. & P. R. Co.*, 129 Iowa 747. An absolutely new basis of action was presented by the amendments held barred in *Van Patten v. Waugh*, 122 Iowa 302; *Johnston v. Chicago, B. & Q. R. Co.*, 70 Neb. 364 (97 N. W. 479); *Phoenix Lbr. Co. v. Houston Water Co.*, 94 Tex. 456 (61 S. W. 707).

On the other hand, amendments have been held to relate back where the change was vastly more substantial than the one involved here. See *Myers v. Kirt*, 68 Iowa 124; *Case v. Blood*, 71 Iowa 632; *Kuhns v. Wisconsin, I. & N. R. Co.*, 76 Iowa 67; *Gorden v. Chicago, R. I. & P. R. Co.*, 129 Iowa 747; *Gatta v. Philadelphia, B. & W. R. Co.*, 1 Boyce (Del.) 293 (76 Atl. 56); *Texas Pac. R. Co. v. Davidson*, 68 Tex. 370 (4 S. W. 636); *Cooper v. Mills County*, 69 Iowa 350; *Williamson v. Chicago, R. I. & P. R. Co.*, 84 Iowa 583; *Verdery v. Barrett*, 89 Ga. 349 (15 S. E. 476); *Chicago, St. L. & P. R. Co. v. Bills*, 118 Ind. 221 (20 N. E. 775); *Taylor v. Taylor*, 110 Iowa 207; *Breman M. & M. Co. v. Breman*, 13 N. M. 111 (79 Pac. 806). In *McKeighan v. Hopkins*, 19

Neb. 33 (26 N. W. 614), an amendment which changed a petition in ejectment into one to redeem was upheld against the plea of limitations. In *Cahill v. Illinois Cent. R. Co.*, 137 Iowa 577, the amendment supplied the allegation that plaintiff was free from contributory negligence, and it was held that it related back, though, in its absence, the original petition manifestly stated no cause of action.

III. Disposing of the questions presented as we have done, of course, makes it unnecessary to pass upon the contention of appellant that the court erred for sustaining the demurrer generally, and that it should have ruled upon each ground of the demurrer separately.

The order appealed from must be reversed.—*Reversed and remanded.*

PRESTON, C. J., LADD and EVANS, JJ., concur.