ANNIE K. HOEGH, Appellant, v. CHRISTINE MILLER, Appellee.

**LIMITATION OF ACTIONS:** Repleading and Avoiding Statute. A
1  cause of action which has been condemned on demurrer because the accrual date has been inadvertently fixed *within* the bar of the statute of limitation, may be repleaded, and an accrual date fixed which is *outside* the bar of said statute, without subjecting the pleader to the charge of pleading a new cause of action.

**PLEADING:** Demurrer—Subsequent Status of Condemned Pleading.
2  On the issue whether a new cause of action is set up by an amended and substituted pleading, the court must necessarily resort to the original pleading, in order to compare the two pleadings and determine the said issue. This is true even though the original pleading stands condemned under sustained demurrer.

*Appeal from Shelby District Court.*—E. B. WOODRUFF, Judge.

.DECEMBER 31, 1920.

A DEMURRER to an amended and substituted petition was sustained, on the ground that it stated a new cause of action, and was, therefore, barred by limitations. Plaintiff elected to stand upon her petition and said ruling, and now appeals from the ruling.—*Reversed.*

*Edward S. White* and *G. W. Cullison,* for appellant.

*Byers, Byers & Miller,* for appellee.

SALINGER, J.—I. The record is this: The original petition alleged the speaking of certain slanderous words to have

been done about the 15th of March, 1916. Demurrer asserting the statute of limitations was sustained, and we may assume that, as the pleading then stood, the demurrer was rightly sustained. Later, an amended and substituted petition was filed, which made no change in the original, except that, instead of charging the slander to have been uttered about the 15th of March, 1916, it was now pleaded that said words were spoken in October, 1916, and at various times prior thereto. A demurrer again urging the statute of limitations was interposed, and once more sustained. With the rulings on these two demurrers we have no concern. The sole question is whether demurrer was rightly sustained to a second substituted and amended petition, filed on January 17, 1919. The ground of demurrer was once more the statute of limitations. But the last substitute has the further allegation that the cause of action set forth therein is the same as the one set out in the original petition; that it is meant and intended to refer to the same transaction; that the original petition mistakenly charged the slander was uttered on March 15, 1916, when, in truth, it was uttered about the 15th of October, 1916. The original suit was brought in time to save the case from the bar of the statute, and it would have been error to sustain demurrer to it on account of the statute, if it had been alleged that the slanderous words were spoken on October 15, 1916, instead of alleging, as it did do, that it was done on March 15, 1916. For the suit was begun in August, 1918. The essence of the dispute on this appeal is whether if, after suit *is* instituted, the petition through mistake puts the case within the bar of the statute, and subsequent pleading, referring to that mistake, makes no change in the cause of action, but merely restates it, adding nothing except that the allegation of time in the original is a mistaken one, and that the things there complained of occurred later than is there charged, the substitute states a new cause of action.

1. LIMITATION OF ACTIONS: repleading and avoiding statute.

A pleading stricken out does not cease to be a part of the record, and the party who filed it may add to it an amendment; and, when that is done by proper reference, the pleading stricken out and the amendment together constitute a new pleading. *Mahaska County State Bank v. Crist*, 87 Iowa 415. An amend-

ment may be filed, showing that, through mistake, there was no

2. PLEADING: de-
murrer: subse-
quent status of
condemned
pleading.

right to sue upon installments which had been declared upon; and, though original action for these was barred when amendment was filed, the correction of such mistake created no new cause of action. And the amended suit was not barred. *Taylor v. Taylor*, 110 Iowa 207. True, it is held in *Thayer v. Smoky Hollow Coal Co.*, 129 Iowa 550, that an amendment which makes no change in time, place, or circumstance does not introduce a new cause of action, and is not barred, although not filed within the time for bringing the original action. This is a negative holding. It does not rule that a change of time creates a new cause of action, where the change is made by an amendment merely declaring that, through mistake, the time is erroneously stated in the original.

Where an amended answer is filed as a substitute for the original, the issues will be ascertained and determined from that alone. *Lauman v. County of Des Moines*, 29 Iowa 310. In considering a demurrer to a substituted petition, it is error for the court to consider the original petition and an amended petition, to each of which a demurrer has been sustained. *Williams v. Williams*, 115 Iowa 520. But this can mean no more than that the contents of the original which has been substituted for cannot affirmatively aid the substitute. It cannot mean that the original may not be considered even for the purpose of determining whether the substitute states a new cause of action. That fact cannot be ascertained, except by comparing the substitute with the original. And in *Hueston v. Preferred Acc. Ins. Co.*, 184 Iowa 408, at 413, just such a comparison is made, and it was thereupon held that the substitute did not introduce a new cause of action, or a new right of action. Indeed, the *Hueston* case answers most of the contentions of appellee.

The filing of amendments or a substitution in a case already put into suit is not the new bringing of a suit. With reference to the statute of limitations, suit is commenced by the service of original notice, or, in some circumstances, by leaving the notice for service. *Boone v. Boone*, 160 Iowa 284; *Parkhill v. Bekin's Van & Storage Co.*, 169 Iowa 455; *Platt v. Carter*, 187 Iowa 777. It follows that the filing of pleadings in a suit al-

ready begun is never the institution of a new action. But even an amendment may present a new cause of action, and all that the law on the subject comes to is that one may not maintain a barred cause of action by resorting to the device of pleading it as an amendment in an action already begun, instead of beginning a suit on said distinct and new cause of action. We may concede to appellee that, for some purposes, on filing a substitute, the original is to be treated as if it had never been filed. That is true in the sense that the pleading for which a substitute is filed, is no longer a part of the record, so that the court may note its existence and contents when such pleading is not put in evidence. But with reference to the statute of limitations, substituted pleadings stand on another footing. They relate back to the original, and the test is this: If they do no more than amplify the original, or make certain what was therein uncertain or supply something without which the original would be demurrable,—if, in a word, the substitute is, in fact, a supplement to the original, instead of the statement of a distinct and new cause of action,—then the substitute is not barred by limitations, even though it was filed at a time which would be too late, if it stated a new cause of action.—*Reversed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.