SARAH JOHNS et al. *v.* THOMAS SERGEANT.

1. DEED OF TRUST—NOTICE OF SALE. — A compliance with the requirements of a deed of trust as to notice of the sale is all that the law demands.

2. TRUSTEE'S SALE — TRUSTEE MAY EMPLOY AGENT TO PERFORM MINISTERIAL ACTS ABOUT THE SALE. —A trustee under a deed of trust to secure a debt, empowered to sell the land conveyed upon twenty days' notice, may employ a stranger to post the notice and conduct the sales, and if these acts are ratified by the trustee, and a deed made by him to the purchaser at the sale, the title is thereby conveyed.

ERROR to the chancery court of Yazoo county. HOOKER, Chancellor.

The opinion of the court exhibits the features of this case so plainly as to relieve from the necessity of any further statement of it.

*Miles & Epperson,* for plaintiffs in error.

It is admitted by the answer of the trustee, Hightower, that he did not in person perform the mere ministerial act of selling the trust property, and that he did not make the sale or have the property auctioned off by an agent. We insist that the sale was not void or voidable on this account.

It is true that the office and duties of a trustee, being matters of trust and confidence, cannot be delegated. *Delegatus non potest delegare.* But this rule has ever been held to relate to the discretionary powers of the trustee, and not to the mere mechanical or ministerial

powers. The trustee has a right to employ an agent to carry out mere ministerial acts, such as the sale of the property, and purposes of that nature. Hill on Trustees, side page 540, 541, and authorities cited.

A trustee cannot delegate any of the discretionary powers with which he is clothed, but he may delegate the mechanical power, such as writing out a notice of sale and crying off the property, and acts of that nature. Com. Bank v. Norton, 1 Hill (N.Y.) 504 ; Williams v. Woods, 16 Md. 220 ; Rossiter v. Trafalgar L. A. Co., 27 Beav. (Eng. Ch.) 377. All that the agent of the trustee in this case did was to write out notices of the sale and cry off the property at the sale. The trustee was not personally present at the place and moment of sale, but he was in the town of Yazoo city, when and where the sale occurred, and was informed of the result of the sale a short time after it occurred, and he ratified the mechanical or ministerial act done by his agent, when he executed and delivered the deed to the purchaser, and received the purchase-money from her.

*Hudson & Nye,* for defendant in error.

It is a well-settled and only safe rule of law that a special or particular trust, created by deed or will or other instrument of writing, cannot be delegated or transferred by the trustee to another, or mere stranger, without express authority in the instrument so to do, but must be executed in person or under the immediate presence and supervision of the trustee himself. Hill on Trustees (4th Am. ed.), ch. 1, top p. 279 ; Hardwick v. Mynd, 1 Aust. 109 ; Black v. Erwin, Harper's Law Rep. 411 ; Pearson v. Jamison, 1 McLean, 199 ; Berger v. Duff, 4 Johns. Ch. 368 ; Newton v. Kearnan, ib. 587 ; Skipwith v. Robinson, 24 Miss. 688 ; 42 ib. 77. Nor where the trustee has authority to transfer or delegate his trust can he do so unless in writing to the agent, and signed by all the trustees. Hortlock v. Buller, 10 Ves. 311 ; Newton v. Bronson, 3 Kern. 587 ; 10 Ves. 311 ; 8 Cow. 582 ; Hill on Trustees (4th Am. ed.), top p. 738, 739. It is

clear that Hightower, the trustee, by his own answer and the evidence of Hardwick and others was not present at or supervising the sale in any way, and that he had given no written authority to any one else to do so, if he had any right, which we deny, and for these reasons and upon these authorities, we insist that the sale was at least voidable, if not absolutely void, and the decree of the chancellor was correct.

But the answer of Hightower, the trustee, shows that the sale was made upon the posting of a single notice thereof and that at the court-house. The deed of trust does not direct the mode or quantity of notice, but provides for a sale upon notice.

We think it clear that a single notice posted was not sufficient, but that the usual legal notice of the sale of real estate, or general or the usual and customary notice of such sales, or reasonable and fair notice in such cases was contemplated and fairly implied by the deed itself, and will be annexed by the law. It is true there was a notice, but in the absence of a stipulation in the deed of trust that the sale should be upon such notice, we insist that it was insufficient, a fraud upon the rights of the debtor and grantor, and the sale was at least voidable on that ground, the idea that a man's land may be sold, where he has not stipulated or agreed to such a thing, upon a single notice posted at a remote place from the land, by a trustee, charged to protect and guard his interest as well as that of the *cestui que trust*, is at once too ridiculous and absurd for argument, and is repugnant to the fair meaning and interpretation of the trust on that subject, and certainly to good faith, reasonable duty and ordinary moral and legal justice and equity, to say nothing of the ordinary transactions of life in such matters. The purchaser bought at her own peril, was bound to see that every thing was regular and proper and every pre-requisite to the sale had been complied with by the trustee and that the trustee himself was present, supervising and controlling the sale in all its parts. The pur-

chaser was a mere volunteer. *Caveat emptor* applies, Kelly v. Mills, 41 Miss. 267.

In regard to the first point noticed by us, that the trust could not be delegated, we do not wish to be understood that a trustee cannot employ an agent or attorney to prepare and auction the sale, but, on the contrary, we concede such power and authority ; yet we do insist that the trustee must be present and supervise and control the sale, and be the judge of a sufficiency of persons present, the fairness of the sale, the propriety of making the sale, the manner in which the sale is conducted, to receive the purchase-money, to make the deed, to arrest the sale, to receive from the debtor, in redemption of his property, the trust debt, even upon the threshhold of sale ; and in short to do every thing in the province, duty, power and discharge of his trust, and which he alone was armed with the power to do, as the sole, chosen and ordained trustee. The fact that he was somewhere in town, invisible, asleep, drunk, or otherwise engaged, cannot validize the sale. If he was absent, invisible, and not present, supervising the sale in all its parts, but leaving that to a stranger to the deed of trust and his powers and duties, then the sale must be voidable, at least. He assumes to make a new trustee, which cannot be done in but two ways : 1st. In the exercise of a power contained in the trust instrument ; or, 2d. By the interposition of the court of chancery. Hill on Trustees (4th Am. ed.) top page 278.

What is the use or propriety of nominating and inserting a special or particular trustee, selected by the agreement of the parties, and charged with a special duty and trust confided to him, without bond or security, and limited by the instrument to him, if he can abandon the essential trust and duty, absent himself from the execution of his duties and trust, and delegate it to another, who was a total stranger to the deed and its trusts and duties, in every thing that was a special charge and duty upon him, and limited to him alone by the instrument itself? If he can do this,

then he can transfer arbitrarily all his powers, duties, and trust, *ad libitum*, and against the knowledge and consent of the parties in paramount right and interest, whatever the consequence may be. Regarding such actions and assumptions to be too ludicrous and absurd, and by no means an open question, but too well settled upon reason and authority, we will not pursue it further. The land was sold on the 21st October, 1865 ; the money was not paid until the twenty-sixth day of the same month, and no deed was made until the money was paid, and then antedated of the date of the day of sale, because the trustee was not present at the sale to receive the money or make the deed, and no one else had any right to do either. Hardwick, who, it is alleged by appellants, was the agent of Mrs. Johns in bidding off the land at the sale, and who did bid it off, swears that he bid it off for himself and not as the agent of any one, and that the trustee was not present at the sale, or seen by him that day.

PEYTON, C. J.:

This is a writ of error from a decree of the chancery court of Yazoo county, setting aside a sale of eighty acres of land by a trustee under a deed of trust made to secure a debt therein specified.

The several answers of the defendants fully deny the equity of the bill of complaint and all combination and fraud in the sale. And the answer of Sarah Johns denies that there was any irregularity in the sale, and insist that she was a *bona fide* purchaser of the property at said sale, and entitled as such to the protection of a court of chancery.

It is sought here by the counsel for the appellee to sustain the decree of the court below on the following grounds :

1st. For the want of legal and proper notice of the sale.

2nd. Because the trustee employed an agent to post the notice and conduct the sale.

The deed of trust required that notice of the time and place of sale should be given by posting the same for twenty

days before the sale. This furnished the rule as to notice, and the testimony shows that this requirement was complied with.

With respect to the sale of the property the evidence shows that the trustee employed a stranger to post the notice and conduct the sale. This we think he may do. These are mere ministerial acts, which require no exercise of discretion, and therefore may be done by an agent, if ratified by the trustee. The administration of the trust is a matter of personal confidence, which it is a breach of trust in the trustee to make over to a stranger, and the original trustee will continue responsible for all the acts of the person so substituted. And although trustees will be allowed to employ a solicitor or agent, and to govern themselves by his advice as to their conduct in the trust, yet they will not be justified in committing the entire management of the trust to him. However, the employment of an agent for carrying out mere ministerial acts, such as the sale of the property, and purposes of that nature is not a delegation of the trust, for such acts are necessary to the discharge of the trust; and it will be sufficient that the trustee retains the supervision and control over the person so employed. Hill on Trustees (4th Am. ed.) 841, 842, top pages.

In the case of Sinclair v. Jackson, 8 Cow. 582, it was said to be the better opinion, that trustees with a power might act by attorney, if they restricted him to the conditions imposed on themselves. The sale may be made by the agent, subject to the ratification of the trustee. Who shall execute the conveyance. An agent may perform a mere ministerial or mechanical act by a sub-agent or deputy, even where he cannot delegate any portion of his authority requiring the exercise of the least discretion. Williams v. Woods, 16 Md. 220.

In this case, Sarah Johns became the purchaser of the land under the deed of trust in good faith and for a valuable consideration which was paid to the trustee, who executed and delivered to her a conveyance for the same, and the

debt has been paid and satisfaction entered on the margin of the record of the deed of trust.

Upon the whole, we think the sale was valid, and should have been sustained by the court below.

The decree is reversed, and this court, proceeding to render such a decree as the court below ought to have rendered, doth order, adjudge and decree, that the complainant's bill of complaint be dismissed at his costs.