FLORA A. MCNAIR ET AL. v. HENRY M. STANTON.

1. STATUTE OF LIMITATIONS. *Married woman. Note for land.*
    A bill in equity to enforce against land a married woman's note for
    the purchase-money thereof is subject to the limitation applicable to
    that form of indebtedness, and not to the one of ten years, pre-
    scribed by Code 1871, § 2175, in relation to express trusts.

2. SAME. *Equity pleading. Demurrer.*
    The defence of the Statute of Limitations can be made in equity by de-
    murrer to the bill.

APPEAL from the Chancery Court of Lincoln County.

Hon. THOMAS Y. BERRY, Chancellor.

The appellee, on December 14, 1878, filed this bill in chancery
against the appellant and her husband to enforce the payment
of a note, due Nov. 1, 1869, which she gave for the purchase-
money of the land sought to be subjected, and secured by a
deed of trust thereon. The appellant's demurrer, setting up
the Statute of Limitations of six years, was overruled.

*R. H. Thompson*, for the appellant.

The limitation applicable to this case is not that of Code
1871, § 2175, which relates to express trusts, but that of six
years, provided by § 2150. The former section applies only
to cases where the property is held in trust, not measured by
a debt, but under such circumstances that the legal title is
held subject to the beneficial ownership of another. It was
never designed for a case like this, and to construe it so will be
to make a married woman's obligation more oppressive than
that of a man. The case of *Templeton* v. *Tompkins*, 45 Miss.
424, does not sustain the theory of the bill. The appellant's
note or deed in trust is not void, but may be avoided at her
option by surrendering the land. *Johnson* v. *Jones*, 51 Miss.
860. The case is, therefore, clearly within Code 1871,
§ 2150, and the appellee's theories must fall. The Statute of
Limitations may be availed of as a defence by demurrer in
equity. Story Eq. Pl. §§ 484, 503, 751; *Archer* v. *Jones*, 26
Miss. 583; *Nevitt* v. *Bacon*, 32 Miss. 212. While a plea is
necessary at law, the rules in equity allow a demurrer if the

bar is apparent upon the face of the bill. *Dickson* v. *Miller*, 11 S. & M. 594.

*Sessions & Cassedy*, for the appellee.

The facts set forth in the bill charge the land with a trust to the extent of the unpaid purchase-money, and the limitation on the remedy to enforce it is governed by Code 1857, p. 403, art. 3, which is the same as Code 1871, § 2175. Sects. 2150 and 2151 of the latter Code relate to liabilities resulting from the contracts of parties who have legal capacity to make them, and do not refer to remedies created by courts of equity. It is not because of her contract that Mrs. McNair cannot keep the land without paying for it, but because it would be inequitable for her to do so. Because the remedy at law on the note, if any had ever existed, is barred, it does not follow that the remedy in equity to enforce the trust is barred also. *Templeton* v. *Tompkins*, 45 Miss. 424. The appellant's note and deed of trust do not bind her, but they serve to fix the value of the land, and equity makes her a trustee of the legal title to the land for the benefit of the vendor to the extent of the purchase-money unpaid. As it is desirable to have this question settled, discussion of the propriety of raising it by demurrer is waived.

Chalmers, J., delivered the opinion of the court.

The note of a married woman, given for the purchase-money of land, imposes no personal obligation upon her, but she will be compelled by a court of equity to pay it or surrender the land, or so much of it as is necessary for the liquidation of the note. *Johnson* v. *Jones*, 51 Miss. 860. It is insisted that, inasmuch as this obligation to surrender the land is a trust raised and imposed upon her by a court of equity, it becomes barred only after the expiration of ten years, under the provisions of Code 1871, § 2175, prescribing the period of limitation in cases of trusts not cognizable in courts of law. This view is erroneous. The note of a married woman given for land is not void, or even wholly voidable. While not enforceable as a personal obligation, as indeed very few contracts of married women are, she will be compelled by a court of chancery to pay it or surrender the property acquired by its execution. This is not the

kind of trust referred to in § 2175 of the Code. Those are express trusts, springing not so much from the contracts as from the situation and duties of the parties. The trust here arises purely *ex contractu ;* its amount, date of maturity, rate of interest, and period of limitation being determinable wholly by the form which the parties have given to their agreement. The vendor of the land, in receiving a bond or promissory note for the purchase-money, must be considered as limiting his right to proceed against the *feme covert* vendee for the payment of the obligation or surrender of the land to the period of limitation applicable to such forms of indebtedness. Any other doctrine would, as to the Statute of Limitations, make these contracts of a married woman more onerous than those of a person *sui juris.* Surely such was not the intention of the lawgiver.

It is competent to raise the defence of the Statute of Limitations by a demurrer to a bill in chancery, as has frequently been decided.

*Decree reversed, demurrer sustained and bill dismissed.*