JAMES T. SWAN AND WIFE v. ISAAC SMITH.

1. JUDICIAL SALE. *Under decree in chancery. By agent or commissioner.' Confirmation.*
   A commissioner, directed by the decree of a chancery court to sell certain land, advertised the same in due form, but, being called out of the State before the day appointed for the sale, engaged an auctioneer to make the sale for him. The sale was made by the auctioneer at the proper time and place, was fairly conducted, and the property brought its full value. The commissioner, upon his return, received the money bid, executed a deed to the purchaser, and reported the sale to the court in his own name and asked that it be confirmed. It was confirmed by the court. *Held*, that the action of the court below in confirming the sale was correct.

2. RES ADJUDICATA. *Supreme Court. Decree of sale. Confirmation.*
   Where, upon an appeal to this court, the rights of the parties in the case have been adjudicated, and directions given for the sale of the land in controversy and the application of the proceeds, that decision must be regarded as the law fixing the rights of the parties, on a subsequent appeal to this court from a decree confirming the sale of the land.

APPEAL from the Chancery Court of Lincoln County.

Hon. H. S. VAN EATON, Chancellor.

Isaac Smith filed a bill in chancery against James T. Swan, Mary S. Swan, his wife, and Pierre Becker & Son, to subject to a judgment held by the complainant against Swan certain land which it was alleged he had fraudulently conveyed to his wife. Upon appeal to this court (57 Miss. 548), the conveyance was declared to be fraudulent, and the court below was directed to have the land sold and the proceeds applied (1) to the re-

imbursement of Becker & Son for an amount paid out by them in relieving the land of certain encumbrances held by J. C. Hardy and others, and (2) then to the payment of the complainant's judgment. The land was accordingly sold, and the sale was confirmed by the Chancery Court. Thereupon Swan and wife appealed.

*Sessions & Cassedy*, for the appellants.

1. The former decision of this court, in subjecting the entire property to the complainant's judgment, put Mrs. Swan in a worse attitude than that of either Becker & Son or Hardy, through whom she claimed title. That was error. *Harrington* v. *Allen*, 48 Miss. 498; 46 Miss. 489; 54 Miss. 158; *Salmon* v. *Smith, ante*, p. 399.

2. The Chancery Court erred in confirming the sale of the land, because it was not made by the commissioner, nor under his personal supervision. 72 Ill. 282; 3 Wall. 205; 15 Ill. 394; 8 How. (U. S.) 495, 544; 1 Dana, 185; 13 N. Y. 587; 5 Paige, 487; Sugden on Powers, 222; 3 Vt. 189; 2 Litt. 109; 47 Ga. 73; 1 McLean, 197.

*W. P. & J. B. Harris*, on the same side.

This court clearly erred in directing the sale of the entire property. The fact that there was an interest in the property not subject to sale was overlooked by the court, because not pressed by counsel. The reason for not correcting the error is not sufficient to justify a persistence in the wrong done. See authorities cited by Messrs. Sessions & Cassedy upon this point.

*R. H. Thompson*, for the appellee.

1. The former decision in this case (57 Miss. 548) is the law of this controversy, and the decree thereunder granting relief to the complainant is *res adjudicata*. 9 Smed. & M. 138; 13 Smed. & M. 445; 10 Geo. 136; 1 Geo. 66; 14 Smed. & M. 100.

2. The decree of the court below confirming the sale of the land was correct. The true theory of judicial sales is that they are made by the court. The commissioner is but a seeker

of bids.   *Johns* v. *Sargeant*, 45 Miss. 332 ; 8 Cow. 582 ; 29 Ill. 473 ; 5 Paige, 487 ; 97 Mass. 459.

CHALMERS, C. J., delivered the opinion of the court.

The commissioner, who was directed by a decree of court to make a sale of realty in the event of a failure upon the part of the defendant to pay the amount decreed to be due, advertised the property in the mode and manner required by law, but, being called out of the State before the day of sale, engaged the services of an auctioneer, by whom the sale was made at the time and place designated.   The sale was in all respects fairly and legally conducted, and the property brought its full value, as was shown by the proof upon the motion to confirm.   The commissioner ratified the act of the auctioneer by receiving the money bid, by executing a deed to the purchaser, and by reporting the sale to the court in his own name and asking a confirmation.   That the court properly confirmed the sale under these circumstances, is settled by the case of *Johns* v. *Sargeant*, 45 Miss. 332.   The same principle is announced in *Cranston* v. *Crane*, 97 Mass. 459 ; *Gillespie* v. *Smith*, 29 Ill. 473 ; and *Hawley* v. *James*, 5 Paige, 487.

When this case was heretofore before us (57 Miss. 548), we treated the acquisition of the title of Hardy, by the payment made for that purpose by Becker & Son, as enuring to the benefit of the latter, and directed that the amount paid should be reimbursed to them, which has now been done.

We see no injustice in this to Mrs. Swan, under the circumstances of the case ; and even if our former decision on this point was wrong, it must be accepted as the law of this case.

Decree affirmed.