Anna L. Cox et al. *v.* American Freehold and Land Mortgage Company of London et al.

[40 South. Rep., 739.]

1. Mortgages.   *Suit to redeem.   Laches.*

A suit to redeem from a mortgage is not barred because of laches by mere lapse of time, although commenced on the last day before the expiration of the statutory period for bringing such suits.

2. Same.   *Deed of trust.   Sale.   Authority from trustee.*

Where the trustee in a deed of trust was authorized by the terms of the deed "to appoint in writing an agent and auctioneer to make the sale for.him," a sale by a person, other than the trustee, not authorized in writing, was void.

3. Same. *Void sale. Bona fide purchaser.*

Where a sale *in pais* under a deed of trust was utterly void, and not merely voidable, a purchaser for value under it will not be protected because of his *bona fides*.

4. Limitation of Actions. *Computation. Amendment of pleadings.*

In determining the operation of the statute of limitations in an action to redeem land sold under a trust deed, an amendment alleging that the sale was conducted by a person not authorized in writing by the acting trustee, as required by the deed of trust, which allegation was not included in the original bill, stated a new cause of action.

5. Same.

Where there is a cause of action set up in an amended bill, wholly distinct from the cause of action set up in the original bill, and the bar of limitations has become complete in the interim between the filing of the two, no relief can be had on the new cause of action set up in the amended bill.

6. Same.

In an action to redeem land from a sale under a deed of trust, an allegation that the sale was not made by the trustee, but by another, either interested in the debt or an agent of the parties who owned it, and who had no legal authority to make the sale, was not sufficient to raise the objection that the party conducting the sale had no written authority from the trustee as required by the deed of trust, so as to affect the operation of limitations on the bill as subsequently amended to specifically state that objection.

7. Same. *Pleading. Demurrer. Construction.*

In an action to redeem land sold under a trust deed, a demurrer on the ground that the bill shows laches of the complainant, that it shows that the defendants held a valid title, that the defendants were innocent purchasers for value without notice, and that there is no equity on the face of the bill, the demurrer being made to apply without change to an amended bill after the statutory period of limitations was complete, is insufficient to raise the point that the cause of action stated in the amended bill was barred by limitations.

From the chancery court of Jefferson county.

Hon. William P. S. Ventress, Chancellor.

Mrs. Cox and others, the appellants, were complainants in the court below; the Mortgage Company and others, the ap-

pellees, were defendants there. From a decree sustaining the demurrer of some of the defendants to bill and the amended bill and dismissing the suit, the complainants appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Theodore McKnight,* for appellants.

(1) Mere delay in bringing suit, short of the period of limitations and unconnected with any act of estoppel, does not bar action.

(2) The appointment by the acting trustee of an agent, who under the provisions of the instrument is empowered not only to perform merely ministerial acts, but also to exercise the same discretion in making the sale as the acting trustee could do, is within the statute of frauds. Code 1892, § 4231.

(3) Where a deed of trust provides that "in case of the refusal, neglect or incompetency to act of said trustee, or his absence from the state, or his decease," the parties interested in the debt can at any time they may desire appoint a substituted trustee, and where the trustee mentioned in the instrument is permanently absent from the state before and at the time of the breach of the conditions of the deed of trust, and while so absent undertakes to execute the trust, his acts are void.

(4) The vendee of the purchaser at a void sale under a deed of trust is not an innocent purchaser, etc., but the doctrine *Caveat Emptor* applies, and where the conveyance from the trustee to the purchaser at the sale is not so acknowledged or proved as to entitle it to be recorded, the vendee of such purchase cannot defend against bill to redeem by claiming that he had no notice of any defect in the title shown either by the records or otherwise. *Nash* v. *Hill,* 73 Miss., 849 (s.c., 19 South. Rep., 707); *Houston* v. *Building Association,* 80 Miss., 31 (s.c., 31 South. Rep., 540); Code 1892, § 2731; *Dunton* v. *Sharpe,* 70 Miss., 850; *Wade* v. *Thompson,* 52 Miss.,

367; *Walker* v. *Brunguid,* 13 Smed. & M., 763; *Hart-ley* v. *O'Brien,* 70 Miss., 825; *Bowman* v. *Roberts,* 52 Miss., 126; *Bonner* v. *Lesslie,* 61 Miss., 592; *Gooch* v. *Addison,* 35 S. W. Rep. (Texas App.), 83; Code 1892, § § 4230, 4231; 28 Am. & Eng. Ency. Law (2d ed.), 858; *Commissioners, etc.,* v. *Walker,* 6 How. (Miss.), 143; 6 Am. & Eng. Ency. Law (2d ed.), 537; 2 *Ib.,* 1009; *Harlow* v. *Higgins,* 84 Texas, 201; 2 Perry on Trusts, sec. 602; *Carter* v. *Cox,* 44 Miss., 148; *Givins* v. *Foote,* 40 Miss., 794; *Moore* v. *Crump,* 84 Miss., 612 (s.c., 37 South. Rep., 109); Jones on Mortgages, sec. 1774; *Farmers, etc., Co.* v. *Hughes,* 11 Hun. (N. Y.), 130 (28 Am. & Eng. Ency. Law [2d ed.], 770); *Equitable, etc., Co.* v. *Fisher,* 106 Ill., 189; *May* v. *May,* 4 A. & E. D. E., 705; *Weir* v. *Jones,* 84 Miss., 602 (s.c., 37 South. Rep., 128); *Johns* v. *Sargent,* 45 Miss., 332; *Tyler* v. *Herring,* 67 Miss., 169 (s.c., 6 South. Rep., 840); *Clark* v. *Wilson,* 53 Miss., 119; *Cox* v. *Parmer,* 60 Miss., 798; *Mitchell* v. *Hockelt,* 25 Calif., 539; *Clarke* v. *Hozeman,* 13 W. Va., 718; *Shapley* v. *Plant,* 79 Miss., 175 (s.c., 28 South. Rep., 799).

*A. H. Geisenberger,* for appellees.

We are aware that the court has heretofore held, in considering the facts of the particular case then before the court, that there is no such thing in Mississippi as a stale case where the suit is brought within the time limited in the statute of limitations. But the court has frequently said that each case must be governed and considered by the facts and circumstances of each particular case.

It must, I think, strike the court as particularly strange, under the facts set forth in the bill of complaint, that the complainants should have waited just one day less than ten years before filing their bill—just one day less than the time in which the plea of the statute of limitations of ten years would have forever barred the suit.

In the whole bill there is not one word, nor an intimation, that the complaints, or either of them, did not know each and every fact connected with the sale of the property by the trustee; the crying off of the land by Stinson; the declaring the land sold to Graham; the absence from the state of Currier, the trustee; the making and execution of the deed by Currier, and filing for record, as well the day the several occurrences took place as they did the day the bill was filed. There is no allegation of fraud, express or implied, contained in the bill to account for the unreasonable delay in the filing of the suit.

The complainants yielded up possession of the property after the sale; the purchaser thereunder went into immediate possession thereof; the property was sold to the Jacobs' nearly two years after the delivery of possession to Graham, and they went into immediate possession, and during this time and during these occurrences the complainants, who were then in as full knowledge of the facts as they are now, said not one word to indicate that the sale was not in every requirement and particular in strictest accordance with the law.

It is a well established rule that when a suitor applies to a court of chancery for relief any considerable length of time after the wrong complained of was committed, it is incumbent on him to show, by both averment and proof, some sufficient excuse to justify the delay. 18 Am. & Eng. Ency. Law (2d ed.), 100.

The more the record in this case is studied in comparison with the *Dunton case—Dunton* v *Sharpe,* 70 Miss., 850 (s.c., 12 South. Rep., 800)—the more alike the two cases appear in all essential particulars.

In the *Dunton case* the trustee was a nonresident of the state, and the fact of his nonresidence stated upon the face of the deed in trust; he was absent from the state at the time of the sale; the sale was made by some one acting for the trustee; the property was declared sold to one either interested in the

debt or in the Loan Company; there the debt was not all due, but was declared due by "actions which spoke louder than words"; there the land was sold for only one-fifth of its value and it was claimed that the lands were sacrificed; and there the deed was executed by the nonresident trustee after the sale. Thus it will be seen that there are no essential points in which the case at bar differs from the facts in the *Dunton case.*

The personal attendance of the trustee at the sale was not necessary. It was allowable for him to act through others in advertising and auctioning the land. All that was necessary was to comply with the deed of trust, and if this was done with the sanction and approval of the trustee it was as if done by him in person.

*Charles T. Coleman,* on same side.

A deed of trust authorized the appointment of a substituted trustee under the hand and seal of the beneficiary. The appointment was in writing, but not under sale.

"Equity looks to the substance and not to the shadow; the defective execution of a valid power will be sustained in favor of creditors and purchasers for value, and others, not mere volunteers, when the intention of the parties clearly appears and has been substantially carried out, and when the defect complained of is a technical one, and which it may reasonably be presumed was not occasioned through fraud and did not result in legal injury to the parties interested. 1 Story's Eq. Jur., secs. 94, 97, 170, 174; 2 Wash. Real. Prop., 335, sec. 8." *Jacobs* v. *McClintock,* 53 Texas, 80.

The case of *Bonner* v. *Lessley,* 61 Miss., 392, cited by the appellant, is not in conflict with our contention. In that case the deed of trust required that the appointment of a substituted trustee should be under the hand and seal of the person executing the power. The appointment was in writing, but was not signed or sealed. It was held to be fatally defective. The

appointment of a substituted trustee, who is to be invested with
the powers, duties and discretion of the original trustee and
in whom the legal title is to vest after condition is broken, is
a very different thing from the mere appointment of an agent
by a trustee to perform a ministerial duty.  In the one case the
entire authority for the appointment depends upon and is de-
rived from the terms of the instrument.  Unless the instrument
authorizes it, the power does not exist at all, and if a substi-
tuted trustee should become necessary, resort would have to
be had to a court of chancery.  It is for this reason that the
terms of the instrument must be strictly complied with in the
appointment of a substituted trustee, and this is the principle
which underlies the decision in *Bonner* v. *Lessley*.  But these
considerations have no application to the appointment of an
agent, who is invested with neither title nor discretion, to per-
form merely ministerial or mechanical acts.  And this is the
principle which underlies the decisions in *John* v. *Sergeant,*
45 Miss., 332; *Tyler* v. *Herring,* 67 Miss., 169 (s.o., 6 South.
Rep., 840); *Dunton* v. *Sharpe,* 70 Miss., 850 (s.o., 12 South.
Rep., 800).  In these cases it was held that a trustee under a
deed of trust to secure a debt, empowered to sell the land con-
veyed upon twenty days' notice, may employ a stranger to post
the notice and conduct the sale, and if these acts are ratified
by the trustee and a deed made by him to the purchaser at the
sale, the title is thereby conveyed.  If the power to appoint an
agent was in any manner referable to or dependent upon the
terms of the instrument, these decisions would have been to
the contrary.

The sale took place on the 21st of February, 1895.  The
original bill in this case was filed just ten years, lacking one
day, after the day of the sale.  It is alleged that the sale was
invalid for various reasons set forth therein.  But it did not
allege that the agent was not appointed in writing, or that the
sale was void for this reason.  This allegation was introduced

for the first time in an amended bill filed at the December term, 1905, nearly eleven years after the sale took place, and nearly one year after the bar of the ten years' statute of limitations had attached. As the amendment in this respect was a departure from the original bill and introduced a new cause of action, the statute of limitations did not cease to run against the new cause of action until the amendment was filed. The doctrine of relation, which at best is only founded upon a fiction, does not apply.

If an amendment introduces a new cause of action the statute of limitations runs against it to the time when the amendment was filed. 1 Eng. Pl. & Pr., 622.

Where a new ground of divorce is set up in an amended bill, the statute of limitations does not cease to run until the filing of the amendment. *Wood* v. *Wood,* 58 Ark., 441, 447; *Logan* v. *Logan,* 2 B. Mon., 148; *McCrocklin* v. *McCrocklin, Id.,* 370; *Kansas City* v. *Hart,* 60 Kan., 684; *Dinkins* v. *Bowers,* 49 Miss., 219; *Cooper* v. *Allen,* 57 Miss., 694; *Union, etc., R'y Co.* v. *Wyler,* 158 U. S., 285; *Box* v. *Railway Co.,* 107 Iowa, 660; *Sicard* v. *Davis,* 6 Pet. (U. S.), 124.

In the case at bar the demurrer to the amended bill raises the question of the statute of limitations, and effectually disposes of the allegation that the appointment of the agent was not in writing. While it is held in this state that the statute of limitations must be specially pleaded at law (*Hines* v. *Potts,* 56 Miss., 347), it is equally well settled that it may be interposed by demurrer in chancery. *McNair* v. *Stanton,* 57 Miss., 298.

Argued orally by *Theodore McKnight,* for appellants, and *Charles T. Coleman,* for appellees.

Whitfield, C. J., delivered the opinion of the court.

This is a bill filed to redeem certain land sold under a trust deed. The trust instrument, after reciting at great length the

very large powers conferred upon the original trustee, provides as follows: "For any sale hereunder, the acting trustee is authorized to appoint in writing an agent and auctioneer to make such sale for him in his absence as fully and validly as if the trustee were present himself and conducting the sale." It is alleged in the amended bill, and admitted by the demurrer, that the appointment of Roscoe Stinson, who made this sale, was not made in writing or acknowledged and recorded. According to the allegations of the amended bill, property worth $50,000 was sold for $8,000; the sale was made to a party interested in the debt by a by-bidder selected to bid for him; the selection of this by-bidder was made by Mr. Stinson, the party who made the sale; all of the bidders, except this by-bidder for Graham, were required to put up ten per centum of their bid before the bid was accepted; this by-bidder was not required to make this deposit in making this bid; the bid for Graham was not paid in cash; at the time of the sale $1,200 upon the original debt of $8,000 had been paid; and, in short, everything was done at the sale for the advancement of the interest of the owners of the debt and against the appellants. Such are the allegations of the bill demurred to. An answer was filed by the Freehold Company, Currier and Graham, which denies all the material allegations of the bill and proceeds to set up matters of fact which, it is insisted in the answer, constitutes an estoppel. But there accompanied this answer a demurrer by the defendants, A. F. Jacobs and Hyman Jacobs. That demurrer sets up four grounds, as follows: "First, because the complainants, and each of them, are estopped by their *laches* from asking relief from this court of equity; second, because the amended bill of complaint, and the exhibits thereto, and the deeds, etc., referred to therein, show that the purchaser, Benjamin Graham, acquired an absolutely legal and valid title to the lands mentioned and described in the bill of complaint; third, because the defendants A. F.

Jacobs and Hyman Jacobs are innocent purchasers for value without notice of any nature or kind whatsoever of any defect in the title of said property, either shown by the records of deeds of Jefferson county or otherwise; fourth, because there is no equity on the face of the bill. A. H. Geisenberger, solicitor for A. F. and Hyman Jacobs."

It will be especially noted that the answer of the defendants, the American Freehold Company, Charles C. Currier and Benjamin Graham, and the demurrer of A. F. and Hyman Jacobs, both plead estoppel growing out of *laches* of complainants. But this distinction is to be taken between the answer and the demurrer: that the answer sets out particularly certain alleged facts, in addition to the single fact that the original bill was not filed until ten years from the date of sale, lacking just one day; the answer, therefore, pleading an estoppel based not simply on the failure to file a bill for so long a time, but upon the affirmative fact set up in the answer. The demurrer, on the other hand, pleads, and could plead alone, as ground of *laches* on the part of complainants the mere failure to file the bill for nearly ten years from the date of sale. The demurrer of part of the defendants cannot, of course, avail itself of the facts set up in an answer by other defendants. Indeed, the answer is not before us at all, since this appeal is taken alone from the decree of the chancellor sustaining the demurrer and dismissing the bill to settle the principles of the cause. We therefore, at this time, on this record, can only review this decree sustaining the demurrer. As stated, the original bill was filed ten years after the sale, lacking just one day; and the whole insistence of the first ground of the demurrer is that the bill cannot be maintained merely because of the delay in filing it. It is far too late in this state to insist upon any such defense. It surely ought to be known that that defense has been thoroughly disposed of by the cases of *Hill* v. *Nash,* 73 Miss., 862 (19 South. Rep., 707), and *Houston* v. *Building*

88 Miss.—7

*Association,* 80 Miss., 31 (31 South. Rep., 540; 92 Am. St. Rep., 565). It was the right under the law of the complainants, so far as merely delay is concerned, to file their bill on the last day before the expiration of ten years, just as fully as if they had filed it on the first day after the sale. We trust this court will never have to reiterate this proposition further.

As shown above, the demurrer admitted that the appointment of Stinson, who made the sale, was not in writing, signed by the acting trustee, and recorded with the clerk of the chancery court of Jefferson county. So far that part of complainant's contention, in respect to this point, that such appointment must have been acknowledged and recorded, is concerned, we pretermit any expression of opinion as to whether the said contention is sound or not for the present, it not being necessary to the decision of this cause on this record. But beyond all controversy the appointment of Stinson under the terms of this trust instrument must have been in writing, signed by the acting trustee. It is perfectly idle to argue against this proposition in view of the very clear and emphatic enunciation of the rule, that powers vested by a trust instrument in trustees are to be construed *strictissimi juris,* as laid down in *Sharpley* v. *Plant,* 79 Miss., 175 (28 South. Rep., 799; 89 Am. St. Rep., 588), which we trust will certainly be understood henceforth as the settled law of this state on that subject. The same doctrine is laid down in *Bonner* v. *Lessley,* 61 Miss., 397, and in many other cases in our state reports. See, specially, *Clark* v. *Wilson,* 53 Miss., 119; *Hartley* v. *O'Brien,* 70 Miss., 825 (13 South. Rep., 241). There is nothing to the contrary of this in *Johns* v. *Sargeant,* 45 Miss., 332; *Tyler* v. *Herring,* 67 Miss., 169 (6 South. Rep., 840; 19 Am. St. Rep., 268), or *Dunton* v. *Sharpe,* 70 Miss., 850 (12 South. Rep., 800). On the contrary, they fully accord with this view.

The question here is not whether a mere auctioneer may perform the purely ministerial act of conducting the sale. That is

not the question at all. The question is this: Where the contract set out in the trust instrument requires the appointment of one who may conduct the sale to be ."in writing, signed by the acting trustee," is not an appointment, not in writing, signed by the acting trustee, void? It most undoubtedly is. The case of *Dunton* v. *Sharpe,* so much relied on, contained no provision that the one conducting the sale should be appointed in writing, and that is the vital distinction between that case and this. It was said in that case that the terms of the trust deed must be complied with, and they were complied with, as the court held in that case, since no such provision was in that trust instrument. The provision of the trust deed, "that in case of the absence from the state of the original trustee the beneficiary might appoint a substituted trustee," is wholly distinct from the power given, not to the beneficiary, but to the acting trustee, to appoint some one in writing to make the sale, and the difference in the provision very strongly bears out our view.

The third ground of the demurrer cannot be maintained, because it is not a voidable, but an absolutely void, sale. The principles of law applicable as between a voidable and a void sale are too well settled for discussion. Besides this, the acknowledgment to the deed from Currier, the original trustee, to Graham, is so irregular that it ought to have attracted the attention of one making diligent inquiry and put him on his guard. We do not deem it necessary on this point to now hold that the acknowledgment was so absolutely void as to disentitle the deed to be recorded; but it certainly was so irregular as to have required investigation on the part of any person exercising due diligence.

We come now to a proposition urged most elaborately and ably by one of the learned counsel for appellees, to wit, that the relief prayed for was barred by the statute of limitations of ten years. On this point it is insisted with great earnestness that the ground that Stinson was not appointed by writing

signed by the acting trustee to make the sale was not set up or insisted on in the original bill, but that it was introduced for the first time in the amended bill, filed more than eleven years after the day of sale, and, so say the appellants, it was barred by the statute of limitations of ten years, since the statute continued to run as against this ground until the filing of the amended bill, and the learned counsel referred to many authorities, which we now examine:

*Union Pacific Railway Co.* v. *Wyler,* 158 U. S., 285 (15 Sup. Ct., 877; 39 L. Ed., 983), in which case it was held that "in an action by an employe of a railroad company, based upon the general law of master and servant, brought to recover damages for an injury which had happened to the plaintiff in Kansas while on duty there, an amended petition which changes the nature of the claim, and bases it upon a statute of Kansas giving the employe, in such a case, a right of action against the company in derogation of the general law, is a departure in pleadings and sets up a new cause of action; and the statute of limitations, as applied to such new cause of action, treats the action as commenced when the amendment was incorporated into the pleadings, and not as begun when the action itself was commenced."

In our own state it has been so held in *Cooper* v. *Allen,* 57 Miss., 696. In that case a bill was filed to foreclose a married woman's mortgage for plantation and family supplies, which mortgage was held to be void. After that an amended bill was filed, proceeding on the wholly distinct ground that the married woman was liable, not by virtue of the mortgage, but because of the dealings had between her and the creditor; that is to say, because of purchases of plantation supplies made by the husband as statutory agent. The statute of limitations was set up against the claim under the amended bill, and it was sustained on the ground that it was a new cause of action, the statute

having become a complete bar in the interim between the filing of the original and amended bill.

In *Dinkins* v. *Bowers,* 49 Miss., 219, the same doctrine is expressly approved. In that case an action was brought by a mechanic to enforce his claim, a purely personal action, more than six months after the bringing of the original action; the suit was amended so as to insist on the mechanic's lien provided by the statute. The statute provided that this lien could not be enforced unless the suit was brought within six months after the money was due. It was held that, more than six months having elapsed between the filing of the original declaration and the amended declaration, the bar of the statute had become complete so far as the enforcement of the mechanic's lien, a new cause of action, was concerned.

In the case of *City of Kansas* v. *Hart et al.,* 60 Kan., 684 (57 Pac. Rep., 938), the court held: "Whether the cause of action sued on originally is the same as that set out in an amended petition is to be determined by the averment of the pleadings, and not by testimony of what the pleader intended the pleadings should contain. The plaintiff, whose daughter was killed through the alleged negligence of the defendant, brought an action in which he stated a common-law liability for loss of services of his daughter; but the averments were wholly insufficient to constitute a statutory liability for her death. More than two years after the negligent injury he asked and obtained leave to amend his petition, so as to state a cause of action for the recovery of damages for death under sec. 422 of the Civil Code (Gen. St. 1889, p. 4518; Gen. St. 1897, ch. 95, sec. 418). *Held,* that the amendment was a departure; that it constituted a new cause of action, and that the cause of action set up in the amendment was barred by the statute of limitations."

In the case of *Wood* v. *Wood,* 59 Ark., 444 (27 S. W. Rep., 641; 28 L. R. A., 157; 43 Am. St. Rep., 42), the court, through the learned Justice BATTLE, held that where a new ground for a

divorce, not contained in the original bill, was introduced for the first time in an amended bill, it was held that the filing of the amendment setting up an entirely new and distinct cause for divorce was equivalent to, and not distinguishable from, a beginning of a new suit; that a totally new cause of action was introduced by the amendment; and that, the bar of the statute having become complete between the filing of the original and amended bill as against the new cause of action introduced by the amended bill, the action was barred.

We refer finally and specially to the case of *Box* v. *Chicago, R. I. & P. Ry. Co.,* 107 Iowa, 660 (78 N. W. Rep., 694). The court said: "It is true that in the first cited case the recovery was sought because of negligence, and in the later case recovery was sought because of unlawful intercourse; but a 'cause of action,' as the term is used in pleading, is not the same under which a state of facts may be classed, but it consists of the facts giving rise to the action. An action is the proceeding in court. Code, § 3424. The cause of action is the fact or facts that 'justify it or show the right to maintain it.' Hence, when a material fact necessary to a recovery is omitted from a petition, we say it does not state a cause of action. In 5 Am. & Eng. Ency. Law, 776, it is said: 'The cause of action is the entire state of facts that give rise to an enforceable claim; the phrase comprising every fact which, if traversed, the plaintiff must prove in order to obtain judgment.' This definition is taken, substantially, from the case of *Reed* v. *Brown,* 22 Q. B. Div., 128. In that case it is said that a cause of action is 'every fact which it would be necessary for plaintiff to prove, if traversed, in order to support his right to the judgment of the court.' It is then said: 'It does not comprise every piece of evidence which is necessary to prove each fact, but every fact which is necessary to be proved.' In *Hutchinson* v. *Ainsworth,* 73 Calif., 452 (15 Pac. Rep., 82; 2 Am. St. Rep., 823), speaking of a cause of action with reference to the statute of limitations, it is said:

'The facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong, made up the cause of action.' See *Bruil* v. *Association,* 72 Wis., 430 (39 N. W. Rep., 529), and Rapalje & Lawrence, Law Dict., 180. Care should be taken not to confuse the term 'cause of action' as used abstractly and as used in pleadings. In a general sense the term means 'a claim which may be enforced.' *Bucklin* v. *Ford,* 5 Barb. (N. Y.), 393. 'It is a right which a party has to institute and carry through an action.' *Meyer* v. *Van Collem,* 28 Barb. (N. Y.), 230. 'The right to prosecute an action with effect.' *Douglass* v. *Forrest,* 4 Bing., 704. Looking to these cases, it will be seen that the term 'cause of action' is used with no purpose to indicate a rule by which one cause of action may be distinguished from another, but merely with reference to the existence of a cause of action. We use expressions like these: 'A cause of action for negligence;' 'a cause of action for malicious prosecution;' 'a cause of action for desertion.' They indicate the subject or subject-matter of the action, but are meaningless as showing a particular cause of action. In *Rodgers* v. *Association,* 17 S. C., 406, are the following query and answer: 'What is a cause of action? We must keep in view the difference between the subject of the action and the cause of the action. The subject of the action was what was formerly understood as the subject-matter of the action. . . . The cause of action is the right claimed or wrong suffered by the plaintiff on the one hand, and the duty or delict of the defendant on the other; *and these appear by the facts of each separate case.'* We have emphasized the closing words to call especial attention to the rule when applied to a particular case. The application of the rule to this case leaves no doubt what the conclusion should be. The original petition stated a complete cause of action, and the amendment stated another. The two causes of action are so distinct and separate that either could be estab-

lished without reference to the fact of negligence alleged in the other.   Appellant says the cause of action is 'the injury wrongfully inflicted by the defendant through the negligence of the defendant.'   That means a cause of action based on defendant's negligence, and if that is the meaning of the term for the purposes of pleading, then no amendment would be vulnerable to the objection that is stated except a cause of action, so long as the facts pleaded constituted negligence.   No authority that we have seen sustains such a rule."

We quote at length what the court held a cause of action is, to give it our hearty approval.   The cause of action is the reason why the action is sought to be maintained, the ground or reason for the action.   We have carefully examined these authorities, and we are clearly of the opinion that the law is, as in them laid down, that wherever there is a cause of action set up in an amended bill, wholly distinct from the cause of action set up in the original bill, and the bar of the statute has become complete in the interim between the filing of the two, no relief can be had on the new cause of action set up in the amended bill.   On this point it is earnestly insisted by counsel for appellant that he did substantially set up in the original bill that the sale was void because the appointment of Stinson was not in writing signed by the acting trustee, and that all that his amended bill did was to amplify that allegation.   The allegation of the original bill on this point is this: "That said sale was not made by said trustee, but was made by one Roscoe Stinson, who was either interested in the debt or was an agent of the party or parties who owned and held said debt, who had no proper legal authority to make said sale."   This we think is a mere averment of a legal conclusion, not an averment of facts showing want of legal authority.   In addition to this, the original bill then proceeds to set out several distinct facts as grounds why Stinson was without authority to make the sale without suggestion at all that one of these grounds was the failure to appoint Stinson in writing

signed by the acting trustee.    We think it is clear that the original bill did not aver in any proper legal sense, as a ground for
the invalidity of the sale, the failure of the acting trustee to
appoint Stinson in writing signed by himself. ·

And this brings us to the last point in the case, the one above
referred to, as to whether the relief prayed on this ground in
the amended bill is barred by the ten-year statute of limitations,
and here one of the most astonishing things which the court is
called on to consider discloses itself.    It is perfectly obvious
that the learned counsel for appellees who made the argument
that the statute bars the release, supported by the authorities
which we have reviewed, was misled in saying, as he does in his
brief, that the statute of limitations was set up by the demurrer.
He adverts to the fact that it has been held in this state, citing
the authorities (*Hines* v. *Potts,* 56 Miss., 347), that the statute
must be specially pleaded at law, and then states that it is
equally well settled that it may be interposed by demurrer, in
chancery, citing *McNair* v. *Stanton,* 57 Miss., 298, and adds
that in the case at bar the demurrer to the amended bill raises
the question of the statute of limitations.    Counsel misconceives
the record entirely on this point.    We have set out the demurrer
hereinbefore, and it will be perfectly obvious upon a mere inspection of it that it in no way sets up the statute of limitations,
nor is there the slightest allusion to the satute of limitations in
the brief of counsel for A. F. and Hyman Jacobs, who filed the
demurrer.    He very correctly under the first ground of his
demurrer argues alone the proposition, set up by said grounds,
that the complainants were barred by reason simply of their
*laches* in failing to file their bill until the last day in which it
could be filed within the ten years.    Most manifestly the statute
of limitations is not set up by the demurrer at all.    When the
amended bill was offered and was about to be filed, counsel made
an agreement, which appears in the record (page 33) to this
effect: "It is hereby mutually agreed, in order to advance the

trial of this cause, that the complainants may file and make their amendment to their amended bill this day, before the hearing of the demurrer now on file herein, and without the complainants being held to confess any of the causes of the said demurrer, and that said demurrer be considered as applied to the amended bill as this day amended. Signed and agreed to this the 21st day of December, 1905. . Theo. McKnight, for complainant. A. H. Geisenberger, for defendants, A. F. and Hyman Jacobs. American Freehold Land & Mortg. Co., by Chas. T. Coleman, attorney." So that it appears clearly from this agreement that the demurrer originally filed was not changed at all, but simply referred to the amended bill. Nothing can be clearer, therefore, than that the statute of limitations was not set up in this cause in any way, either by plea or demurrer. This court is bound, of course, by the record. If the parties defendant below chose to rely on simple *laches,* and to waive the separate and distinct defense, to be specifically made by plea or demurrer, of the statute of limitations on the trial in the court below, they cannot set the statute up here for the first time. This court cannot set it up for the parties. So it is too obvious for discussion that all that is so strongly argued by learned counsel with respect to the statute of limitations barring the relief sought by the amended bill is wholly out. of place in this cause, on the record as it now stands.

We make just one concluding observation. Learned counsel for appellant, in discussing the clause in the trust instrument which we have quoted above, providing that "for any sale under the trust deed the acting trustee was authorized to appoint in writing," etc., indulging in argument of some length to show that the word "may" was used in this clause in its ordinary sense; that it was permissive, and not mandatory. But a careful reading of the clause itself shows that the word "may" is not used in the clause at all. This seems to have been an inadvertence on the part of the learned counsel. The language of the

clause is not "may appoint," but is "authorized to appoint in writing," which includes necessarily the idea that the acting trustee was authorized to appoint in no other than the specified mode.    Learned counsel for appellant also argues that the power in a trust instrument to appoint a mere auctioneer to perform no other than the mere ministerial act of conducting the sale is not by the general law required to be in writing, but may be verbal.    Grant this to be true, it in no wise affects this trust instrument, which expressly requires the appointment of "an agent and auctioneer" to be in writing, signed by the acting trustee.    Here, if the general law was as stated, the parties to the contract have waived that general law, and substituted for it the specific and exclusive mode named in the instrument, to wit, that the appointment should be in writing signed by the acting trustee.

We have given this case the most painstaking and careful consideration.    The result is that on the record as it now stands, since the appellees failed in any way to set up the statute of limitations on the trial in the court below, and since the sale was for the reasons indicated manifestly void, and not simply voidable, the decree must be, and it is hereby,

*Reversed, and the cause remanded for proceedings in accordance with this opinion.*